**UNITED STATES of America**

v.

**Ryan James CRAIG, Appellant.**

**Nos. 08–3541, 09–1153.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Oct. 29, 2009.

Filed: Dec. 7, 2009.

Joseph J. Terz, Esq., Office of United States Attorney, Harrisburg, PA, for Appellee.

Ryan James Craig, Petersburg, VA, pro se.

Gerald A. Lord, Esq., Miller, Poole & Lord, York, PA, for Appellant.

Before: SLOVITER, FUENTES and HARDIMAN, Circuit Judges.

OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Ryan Craig appeals the judgment of the United States District Court for the Middle District of Pennsylvania (District Court) granting the Government's request to divert a portion of his seized property to victims in an unrelated federal criminal judgment entered by the United States District Court for the District of Rhode Island in 2003 (Rhode Island Court). For the reasons that follow, we will vacate and remand.

## I.

Because we write for the parties, we recount only those facts necessary to our decision.

In 2007, a jury convicted Craig of wire fraud in violation of 18 U.S.C. § 1343. The District Court sentenced Craig to 71 months imprisonment and ordered him to pay restitution to his victims in the amount of $12,411.00, as well as a special assessment of $300.00. Because the United States Attorney for the Middle District of Pennsylvania had previously seized $16,432.00 from Craig, it sought to satisfy the restitution order from those funds. Craig conceded that the District Court could apply $12,711.00 of the seized funds to satisfy the restitution order and special assessment, but requested the return of the remaining $3,631.00 pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. The Government opposed Craig's motion, arguing that the balance of the seized funds should be used to pay the unsatisfied restitution order entered by the Rhode Island Court.

On July 28, 2008, the District Court granted the Government's request regarding the $12,711.00, but addressed neither Craig's motion for return of property nor the Government's request regarding restitution for the Rhode Island victims.[1] On December 30, 2008, 2008 WL 5412828, the District Court denied Craig's motion for return of property and ordered the Government to remit the balance of $3,631.00 to the Clerk of the Rhode Island Court. Craig appeals the December 30 order and we have jurisdiction to consider his appeal pursuant to 28 U.S.C. § 1291.

## II.

Title 18, Section 3556 authorizes district courts to order restitution in criminal cases: "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense ... may order restitution in accordance with section 3663." Section 3663 further provides: "[t]he court, when sentencing a defendant convicted of an offense under this title [of which wire fraud is included] ... may order ... that the defendant make restitution to any victim of such offense, or if the victim is deceased, to the victim's estate. The court may also order, *if agreed to by the parties in a plea agreement*, restitution to persons other than the victim of the offense." 18 U.S.C. § 3663(a)(1)(A) (emphasis added). Accordingly, restitution may only be paid to an individual if one of two conditions is met: (1) the individual is a "victim" in the present case; or (2) the restitution payment was agreed to in a plea agreement. Because Craig did not enter into a plea agreement in this case, we need consider only the first condition in assessing whether the District Court's order directing payment to the Rhode Island victims was proper.

Section 3663 defines "victim" as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered including, in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2). Under this definition, the individuals injured as a result of Craig's 2003 conviction for wire fraud in the District of Rhode Island do not qualify as

---

1. Craig concedes that he cannot challenge the District Court's order granting the Government's request regarding the $12,711.00 on appeal because he waived that argument in the District Court.

"victims" because they were not "directly and proximately harmed" as a result of Craig's present offense. Their injuries were confined to the 2003 crime for which Craig was sentenced to 27 months imprisonment and ordered to pay restitution in the amount of $58,000.00. The fact that Craig has not yet fulfilled that restitutionary obligation does not grant the District Court authority to offer restitution to those individuals in *this* case.

■ Furthermore, the Government itself cannot claim to be a victim in either the present case or the Rhode Island case. The Government argues that the District Court was authorized to apply the seized funds because, as the District Court duly noted, an order of restitution made pursuant to § 3663—as was made in Rhode Island—is "a lien in favor of the United States on all property and rights to property of the person fined." 18 U.S.C. § 3613(c). However, that argument improperly conflates the Government's *entitlement* to the funds with the District Court's *authority* to divert those funds in this case. Though we have previously held that a governmental body may be considered a "victim" under § 3663, *see United States v. Hand*, 863 F.2d 1100, 1103 (3d Cir.1988) (holding that the United States Attorney's office was entitled to restitution for time and resources wasted in light of the defendant's impermissible conduct as a juror at trial), the Government does not assert that any governmental body was harmed by Craig's actions. Rather, the Government is attempting to use its position as a common party—the prosecution—in both the Rhode Island and Pennsylvania cases as a means to compensate a *private third party*. This is not what § 3663 contemplates.

■ The Government also argues that the District Court was authorized to transfer the seized funds to the Rhode Island

victims because it assumed jurisdiction over Craig's supervised release for his sentence on the 2003 crime. The Government argues that "[b]y accepting transfer of jurisdiction over Craig's supervised release, the district court had the authority to enforce the provision pertaining to payment of restitution." We disagree because the duty to oversee Craig's supervised release does not confer upon the District Court any authority to direct restitution in the Rhode Island case. Section 3663 authorizes a judgment of restitution at the time of sentencing, but not thereafter. *See United States v. Sasnett*, 925 F.2d 392, 399 (11th Cir.1991) (quoting 18 U.S.C. § 3663(a)(1)(A) ("[t]he court, *when sentencing a defendant* ...")). The fact that the District Court is empowered to conduct a supervised release revocation hearing does not change our analysis. Accordingly, the Rhode Island victims could only receive an order of restitution when Craig was sentenced in 2003.

In sum, we hold that the District Court lacked the statutory authority to order the transfer of seized funds to the Rhode Island Court for the purpose of facilitating the payment of restitution in an unrelated case. This does not mean, however, that the victims in the Rhode Island case are precluded from seeking to garnish or attach the seized funds or otherwise pursue collection of what is owed to them through any lawful means that may be available to them.

For the foregoing reasons, we will vacate the judgment of the District Court and remand the case for proceedings consistent with this opinion.

FUENTES, Circuit Judge, dissenting.

The majority concludes that the District Court for the Middle District of Pennsylvania could not direct payment of money seized from James Craig, who was convict-

ed of wire fraud, towards a restitution order entered against him in an earlier case in the District of Rhode Island.[2] In so concluding, the majority primarily relies upon 18 U.S.C. § 3556, which provides that:

> The court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with section 3663A, and may order restitution in accordance with section 3663. The procedures under section 3664 shall apply to all orders of restitution under this section.

18 U.S.C. § 3663 states that restitution may be ordered during sentencing, but must be directed at a victim of the offense in the present case. In vacating the District Court's judgment, the majority emphasizes that the Rhode Island victims were not "directly and proximately harmed" by Craig's present offense.

In my view, § 3556 is not relevant because the Pennsylvania District Court did not enter a restitution order as to Craig's victims in Rhode Island. Nor was it required to. That restitution order had already been entered by the Rhode Island District Court. Once an order of restitution is entered, it "may be enforced by the United States ... by all ... available means." 18 U.S.C. § 3664(m)(1)(A). In this case, when Craig's supervised release was transferred from Rhode Island to the District Court in Pennsylvania, the Pennsylvania Court acquired jurisdiction to enforce the Rhode Island restitution order "by all ... available means," including directing that the balance of Craig's seized funds be used to satisfy the Rhode Island restitution order.

In rejecting the Government's contention that the duty to oversee Craig's supervised release conferred upon the District Court authority to direct restitution in the Rhode Island case, the majority again emphasizes that § 3663 authorizes a judgment of restitution at sentencing, but not thereafter. However, my view is that a court can direct payment not only pursuant to its own orders, but also in accord with a valid restitution order over which it has assumed jurisdiction.

The District Court in Pennsylvania assumed jurisdiction, pursuant to 18 U.S.C. § 3605, over Craig's supervised release in the Rhode Island case.[3] The terms of Craig's supervised release, as outlined in the judgment in the Rhode Island case, expressly provide that "[i]f this judgment imposes a fine or a restitution obligation, *it shall be a condition of supervised release that the defendant pay any such fine or restitution* that remains unpaid at the commencement of the term of supervised release...." (App. 62 (emphasis added).) Hence, in obtaining jurisdiction over Craig's supervised release in the case that

---

**2.** Following a conviction for conspiracy to commit wire fraud, the district court in Rhode Island entered an order of restitution in the amount of $58,002 and a $100 special assessment. Thereafter, during the wire fraud investigation in the Pennsylvania case, law enforcement authorities seized $16,342 of Craig's funds. After a jury convicted Craig in the Pennsylvania case, the District Court entered a judgment ordering Craig to pay $12,411 in restitution to victims in that case and a $300 special assessment. This left a balance of $3,631 in seized funds. The District Court subsequently denied Craig's mo-

tion for return of the remaining monies and ordered that the $3,631 be directed towards satisfying the restitution order issued in the Rhode Island case.

**3.** Jurisdiction over Craig's supervised release was initially transferred from the District of Rhode Island to the Eastern District of Pennsylvania on August 16, 2005, pursuant to 18 U.S.C. § 3605. The Eastern District of Pennsylvania subsequently transferred jurisdiction to the Middle District of Pennsylvania on June 14, 2007.

originated in Rhode Island, the District Court also obtained jurisdiction over enforcement of the restitution order that was entered in that case and was a condition of the supervised release. Moreover, the statute authorizing the transfer of jurisdiction, 18 U.S.C. § 3605, states that "[a] court to which jurisdiction is transferred under this section is authorized to exercise all powers over the probationer or releasee that are permitted by this subchapter or subchapter B or D of chapter 227." Section 3583, which is included in subchapter D of chapter 227, details the conditions of supervised release and grants a court authority to set certain discretionary conditions of probation outlined in § 3563(b). 18 U.S.C. 3583(d). These include making "restitution to a victim of the offense under section 3556. . . ." *Id.* § 3563(b)(2). Section 3583 also grants a court discretion, after considering certain factors, to "modify, reduce or enlarge the conditions of supervised release. . . ." *Id.* § 3583(e)(2). Although these provisions do not speak directly to the factual scenario in this case, I read this broad grant of authority to include the power to enforce and direct payment towards an existing restitution order in a case over which jurisdiction is assumed under § 3605.

Affirming the District Court's decision would be an efficient and proper means of providing payment to the Rhode Island victims. It avoids unnecessarily requiring those victims to pursue potentially costly legal action to obtain funds the District Court already possesses authority to direct towards the restitution. Given my conclusion that the District Court had authority to direct payment towards the valid restitution order over which it possessed jurisdiction, I must respectfully dissent from the majority's decision.