

2000 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-6-2000

# United States v. Bein

Precedential or Non-Precedential:

Docket 99-3822

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2000

Recommended Citation

"United States v. Bein" (2000). *2000 Decisions.* Paper 124.
http://digitalcommons.law.villanova.edu/thirdcircuit_2000/124

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2000 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 5, 2000

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3822

UNITED STATES OF AMERICA

v.

ESTHER BEIN and WILLIAM BEIN,
        Appellants.

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 94-214)
District Judge: Hon. Donetta W. Ambrose

Argued: May 9, 2000

Before: GREENBERG, McKEE, and GARTH,
Circuit Judges

(Filed: June 5, 2000)

        Stanley W. Greenfield (argued)
        Daniel J. Kraut
        Greenfield, Brewer & Kay
        Greenfield Court
        1035 Fifth Avenue
        Pittsburgh, PA 15219

         Attorneys for Appellants

Harry Litman
United States Attorney
Bonnie R. Schlueter (argued)
Assistant United States Attorney
633 U.S. Post Office & Cthse.
Pittsburgh, PA 15219

 Attorney for Appellee

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter is before this court on an appeal by Esther and William Bein from an order of the district court entered August 18, 1999, denying their motion to amend or alter an order entered July 9, 1999, denying in part their motion pursuant to Rule 41(e) of the Federal Rules of Criminal Procedure for return of property. The Beins, alleging the Government wrongfully had destroyed or failed to return their property, filed their Rule 41(e) motion to recover compensatory damages or the return of the property. The district court granted the motion in part, awarding damages in the amount of $2,450, and ordering the Government to return a cart in its possession. The court, however, denied the Beins' motion with respect to their claim for losses of other property. The Beins appeal, seeking additional damages.

Although the Government has not appealed, it asserts, as it did in the district court, that the court did not have jurisdiction to entertain the Beins' Rule 41(e) motion to the extent that it sought compensatory damages. Because we find that sovereign immunity bars a claim against the Government seeking money damages under Rule 41(e), we will vacate the order of the district court entered July 9, 1999, insofar as it awarded damages. We do not, however, disturb the order with respect to the return of the cart. Inasmuch as the district court did not have jurisdiction to award damages, we do not consider on the merits the

2

arguments the Beins raise as they advance them only in an attempt to recover additional damages. Thus, we will affirm the order of August 18, 1999, denying the Beins' motion to amend the order of July 9, 1999.

This matter arises out of the investigation and arrest of the Beins and their subsequent prosecution in the district court. On October 3, 1994, agents of the Federal Bureau of Investigation arrested the Beins who then were charged with conspiracy and interstate transportation of stolen merchandise. Following the filing of a superseding indictment, the Beins pleaded guilty to conspiracy to commit interstate transportation of stolen property and conspiracy to launder money.

At the time of the Beins' arrest, the Government executed search warrants at their home and at their wholesale toiletries and pharmaceutical products business. 1 The Government maintained an inventory of all items that were seized. See app. at 9–25. At the Beins' sentencing hearing, the court directed the Government to return all non-contraband items to the Beins.

There is no dispute that the Government returned certain items to the Beins. Nevertheless, the Beins filed their motion pursuant to Fed. R. Civ. P. 41(e) as they asserted that the Government did not return many items seized and instead destroyed them. Consequently, in their Rule 41(e) motion the Beins largely sought to recover monetary damages to compensate them for their loss. Indeed, the Beins acknowledge that the Government told them before they filed their Rule 41(e) motion that the property it had not returned had been destroyed.

The Beins alleged in particular that the Government improperly had destroyed (1) documentation of goods sold to certain entities, (2) gemachs,2 (3) certain warehouse

_____

1. FBI, Internal Revenue Service agents and a number of local police officers who were deputized as United States Marshals executed the warrants as part of an investigation called Operation "Fence Fry." The Pittsburgh Police Department placed the goods seized from the Beins in a forfeiture lot it maintained. The IRS stored all documents seized.

2. A gemach is a promissory note representing a loan made to a charitable organization. The loan is repaid at an agreed upon date by

3

merchandise, (4) six carts, (5) photographs, (6) keys, (7) memorabilia, (8) two briefcases, (9) documents related to a particular lawsuit, (10) computer programs, (11) an airline ticket, (12) certain important papers and invitations, (13) a fax machine, and (14) documents relating to the repair of a property in Canada the Beins owned. As we have indicated, the district court determined that the Government retained in its possession one of the six carts for which the Beins sought damages and ordered its return, a matter not in issue on this appeal. The court further determined that the Government wrongfully had destroyed five carts, the keys, a fax machine and wedding and bar mitzvah invitations. Inamsuch as the Government could not return these items, the court awarded the Beins $2,450 in damages to compensate them for their loss. The district court found, however, that the Beins had not established that the Government took possession of the remaining property or had not presented adequate proof of damages for its loss. The Beins have appealed from the order of the district court to the extent it denied their Rule 41(e) motion seeking damages for this remaining property. We have jurisdiction over their appeal pursuant to 28 U.S.C. S 1291.

## II. DISCUSSION

It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, unless it is contraband or subject to forfeiture. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999); see also United States v. Premises Known as 608 Taylor Ave., Apartment 302, 584 F.2d 1297, 1302 (3d Cir. 1978); United States v. Wilson, 540 F.2d 1100, 1103 (D.C. Cir. 1976) (district court has both the jurisdiction and duty to return property against which no government claim lies). A person aggrieved by the deprivation of property may file a motion under Rule 41(e) to request its return. See Chambers, 192

_____

either the borrower or a third party making payment on behalf of the borrower. The gemach is considered under Orthodox Jewish Law to be a high form of charity because the repayment relieves the recipient of any feeling of obligation to the donor. See App. at 231-35.

4

F.3d at 376; Government of Virgin Islands v. Edwards, 903 F.2d 267, 273 (3d Cir. 1990). A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief. See United States v. McGlory, 202 F.3d 664, 670 (3d Cir. 2000) (en banc); Chambers, 192 F.3d at 376–77 (citing United States v. Martinson, 809 F.2d 1364 (9th Cir. 1987); Rufu v. United States, 20 F.3d 63, 65 (2d Cir. 1994); Thompson v. Covington, 47 F.3d 974, 975 (8th Cir. 1995)). Further, even if it is alleged that the property the movant seeks to have returned is no longer within the Government's possession, the district court has jurisdiction to determine whether such property had been in its possession and whether it wrongfully disposed of such property. See Chambers, 192 F.3d at 378.

The Beins filed their Rule 41(e) motion primarily seeking not the return of their property, but rather compensatory damages for property they alleged the Government wrongfully destroyed. The Government asserts the district court did not have subject matter jurisdiction to address such a claim under Rule 41(e).3 For the reasons set forth

_____

3. The Government also asserts that the Beins' appeal was not timely. See Appellee Br. at 1–3. The Government argues that, because Rule 41(e) is a rule of criminal procedure, the time for appeal should be ten days, as opposed to the 60 days that would be allowed for a civil appeal in a case in which it is a party. See id. As noted by the Government, those courts that have addressed the issue have held that because Rule 41(e) motions filed after the conclusion of criminal proceedings are treated as civil proceedings in equity, the time period forfiling a notice of appeal in
civil cases should be applied for the sake of simplicity and clarity. See id.
at 3 (citing United States v. Madden, 95 F.3d 38, 39 n.1 (10th Cir. 1996); United States v. Garcia, 65 F.3d 17, 18 n.2 (4th Cir. 1995); Hunt v. U.S. Dep't of Justice, 2 F.3d 96 (5th Cir. 1993); United States v. Taylor, 975 F.2d 402, 403 (7th Cir. 1992); Martinson, 809 F.2d at 1367). While we have not addressed this issue, we do not find any compelling reason to part from the consensus that appears to have arisen among those courts that have done so. Accordingly, we find that the time for appeal applicable to civil actions should apply in the context of an appeal from a post–conviction decision on a Rule 41(e) motion and thus, as the Beins appealed within 60 days of August 18, 1999, their appeal is timely. Of course, we do not consider whether a Rule 41(e) motion made during the pendency of the criminal proceedings should be treated as a civil proceeding for purposes of calculating the time for appeal as that issue is not before us.

5

below, we find that, as a result of the Government's immunity from suit, the district court lacked subject matter jurisdiction over the Beins' claims for monetary damages.

While the Government has not appealed from the order entered in the district court, it asserts that, based upon its sovereign immunity, the district court did not have jurisdiction to enter a claim for monetary damages as relief on a Rule 41(e) motion. See Appellee Br. at 4-6. But the Government need not have appealed formally from the order of the district court for us to consider this issue as a claim of sovereign immunity advances a jurisdictional bar which a party may raise at any time, even on appeal, and which the court may raise sua sponte. See Brown v. Secretary of the Army, 78 F.3d 645, 648 (D.C. Cir. 1996); see also United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 514, 60 S.Ct. 653, 657 (1940) ("Consent alone gives jurisdiction to adjudicate against a sovereign. Absent that consent, the attempted exercise of judicial power is void.").

It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit. See United States v. Mitchell, 463 U.S. 206, 212, 103 S.Ct. 2961, 2965 (1983). Moreover, when the Government does consent to be sued, "the terms of [the] waiver of sovereign immunity define the extent of the court's jurisdiction." United States v. Mottaz, 476 U.S. 834, 841, 106 S.Ct. 2224, 2229 (1986). "[W]aivers of the Government's sovereign immunity, to be effective, must be `unequivocally expressed,' " and any such waiver must be construed strictly in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014-15 (1992).

As we have indicated, we are concerned with Fed. R. Crim. P. 41(e) which reads:

>       Motion for Return of Property. A person aggrieved by
>       an unlawful search and seizure or by the deprivation of
>       property may move the district court for the district in
>       which the property was seized for the return of the

property on the ground that such person is entitled to lawful possession of the property. The court shall receive evidence on any issue of fact necessary to the decision of the motion. If the motion is granted, the property shall be returned to the movant, although reasonable conditions may be imposed to protect access and use of the property in subsequent proceedings. If a motion for return of property is made or comes on for hearing in the district of trial after an indictment or information is filed, it shall be treated also as a motion to suppress under Rule 12.

Inasmuch as Rule 41(e) motions are treated as civil equitable actions, see n.3, supra, in light of its equitable powers the district court concluded that it had ancillary jurisdiction to award damages to the Beins and against the United States.

Unquestionably the district court had reason to believe that it could award damages as some courts have suggested that a court under Rule 41(e) "has power to award damages incident to the complaint." United States v. Martinson, 809 F.2d at 1367- 68; see also United States v. Kanasco, Ltd., 123 F.3d 209, 210 n.1 (4th Cir. 1997); Mora v. United States, 955 F.2d 156, 159-60 (2d Cir. 1992). Other courts, however, have disagreed with this approach. See, e.g., Pena v. United States, 157 F.3d 984, 986 (5th Cir. 1998); United States v. Chambers, __ F. Supp.2d __, 2000 WL 369786, at *3-6 (D.N.J. Apr. 5, 2000). We seem never to have made a definitive ruling on the point and thus we make our own analysis of the issue.

Sovereign immunity protects the Government from suit except insofar as it has waived that immunity. A waiver must be expressed unequivocally in statutory text and will not be implied. See Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096 (1996) (citations omitted). Rule 41(e), however, does not expressly authorize an award of monetary damages and thus a court's jurisdiction to award damages pursuant to that rule is questionable.

Notwithstanding the absence of an express provision in Rule 41(e) authorizing an award of damages, the Court of Appeals for the Ninth Circuit has stated that this omission

7

is not controlling with respect to the availability of damages under that rule. Thus, in Martinson it indicated:

> When a citizen has invoked the jurisdiction of a court by moving for return of his property, we do not think that the government should be able to destroy jurisdiction by its own conduct. The government should not at one stroke be able to deprive a citizen of a remedy and render powerless the court that could grant the remedy.

Martinson, 809 F.2d at 1368. The court feared that if it allowed the Government to moot a motion for return of property by giving the property away or destroying it, it would be encouraging the United States to undertake unilateral actions which would have the effect of circumventing the judicial process. See id. While we respect this policy argument, it overlooks the fact that a determination of whether Rule 41(e) authorizes an award of damages raises a question not of mootness, but of jurisdiction. Moreover, application of sovereign immunity, by its very nature, will leave a person wronged by Government conduct without recourse.

Indeed, a more recent decision of the Court of Appeals for the Ninth Circuit appears to be contrary to its reasoning in Martinson to the extent it held that a district court has jurisdiction to award monetary damages despite the fact that Rule 41(e) does not expressly provide for such an award. In United States v. Woodley, the court considered the question of whether a court could impose a monetary sanction on the United States under the Federal Rules of Criminal Procedure. See 9 F.3d 774 (9th Cir. 1993). Fed. R. Crim. P. 16(d)(2) provides a court with the authority to "prescribe such terms and conditions as are just" to remedy a violation of a discovery order. See id. at 782 (quoting Rule 16(d)(2)). The court found that because Rule 16(d)(2) did not include independent authority for a monetary sanction it would decline to recognize that the rule waived sovereign immunity. Accordingly, the sanction could not be imposed. See id. at 781. It seems to us that this conclusion is at odds with the result in Martinson. Moreover, Rule 16(d)(2) is broader than Rule 41(e) in that Rule 16(d)(2) allows a court to prescribe such terms and conditions as are just,

8

whereas Rule 41(e), even though proceedings under it are treated as general equitable actions, only provides for one express remedy -- the return of property.

After careful analysis we reject the cases which allow an award of damages in a proceeding under Rule 41(e) as we conclude that a Federal Rule of Criminal Procedure that does not expressly provide for an award of monetary damages does not waive sovereign immunity.4 We find the reasoning of the Court of Appeals for the Fifth Circuit in Pena and of the United States District Court for the District of New Jersey in Chambers to be persuasive on this point.

The court in Pena reasoned as follows:

> Pena has named the United States as the defendant in his case. The principle of sovereign immunity protects the federal government from suit except insofar as that immunity is waived. A waiver must be unequivocally expressed in statutory text and will not be implied. See Lane v. Pena, 518 U.S. 187, 192, 116 S.Ct. 2092, 2096, 135 L.Ed.2d 486 (1996) (citations omitted). Rule 41(e) makes no provision for monetary damages, and we will not read into the statute a waiver of the federal government's immunity from such damages. Numerous Supreme Court decisions hold that courts should construe statutes against waiver unless Congress has explicitly provided for it. See, e.g., Lane, 116 S.Ct. at 2097 (refusing to allow monetary damages under S 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. S 791 et seq., where the relevant statutory provisions failed to provide the `clarity of expression necessary to establish a waiver of the Government's sovereign immunity against monetary damages'); United States v. Nordic Village, Inc., 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014-15, 117 L.Ed.2d 181 (1992) (holding that

_____

4. The case law suggests that sovereign immunity may be waived only by a clear statutory expression of waiver; legislative history will not suffice
to operate as a waiver. See United States v. Nordic Village, Inc., 503 U.S.
at 37, 112 S.Ct. at 1016. Given our holding in this case, however, we need not address the broader question of whether rules of procedure, standing alone, can be found to constitute a waiver of sovereign immunity.

although the contemporary S 106(c) of the Bankruptcy Code waived sovereign immunity, `it fail[ed] to establish unambiguously that the waiver extend[ed] to monetary claims'). However compelling his case, Pena may not maintain a suit against the United States for monetary damages under Rule 41(e).

Pena, 157 F.3d at 986. The district court in Chambers agreed. See Chambers, 2000 WL 369786 at *3.

In this case the district court appeared to have assumed, and the Beins have argued, that because the courts have construed Rule 41(e) to grant a district court the power to award certain equitable relief, the court had jurisdiction to award complete relief, which in certain circumstances could include an award of monetary damages. While this line of reasoning may have merit in analogous situations with respect to a non-governmental entity, it does not properly address the sovereign immunity claim raised by the Government. In fact, the Supreme Court has found that the waiver of sovereign immunity does not extend beyond the express terms of the waiver. See Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 119 S.Ct. 687 (1999).

In Blue Fox the respondent sued the Army under section 702 of the Administrative Procedures Act, which provides in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party.

Id. at 260, 119 S.Ct. at 691 (citing 5 U.S.C. S 702). The respondent asked the Court to find that the provision waiving sovereign immunity from actions seeking relief other than money damages would allow it to seek a lien on funds held by the United States. See id.

10

The court of appeals in Blue Fox had read an earlier decision of the Supreme Court as standing for the proposition that section 702's reference to "other than money damages" constituted a waiver of sovereign immunity as to all actions equitable in nature. See id. at 261, 119 S.Ct. at 691. The Supreme Court disagreed, finding that the waiver of sovereign immunity must be found in the language of the statute, and thus proceeded to determine whether the relief sought by respondents constituted money damages. See id. at 261–62, 119 S.Ct. at 691–92. The Court held that the imposition of the equitable lien sought by respondent was in fact a claim for money damages outside the waiver of sovereign immunity. See id. at 263, 119 S.Ct. at 692.

In keeping with the reasoning of Blue Fox, to the extent a court may read Rule 41(e) as a waiver of sovereign immunity, it must limit the waiver to the express terms of the rule. We reiterate that Rule 41(e) provides for one specific remedy -- the return of property. Although courts treat a motion pursuant to Rule 41(e) as a civil equitable action, such a characterization cannot serve as the basis for subjecting the United States to all forms of equitable relief. A court must strictly construe the scope of a waiver of sovereign immunity in favor of the sovereign. See Blue Fox, 525 U.S. at 261, 119 S.Ct. at 691. The interpretation of Rule 41(e) urged by the Beins would apply a liberal construction of the scope of a waiver of sovereign immunity. Consequently, we conclude that the district court erred when it exercised subject matter jurisdiction over the Beins' claims for monetary damages. Therefore we will vacate the order of the district court of July 9, 1999, to the extent it awarded the Beins monetary damages and we will remand the matter to the district court to dismiss the Rule 41(e) motion, to the extent that it sought monetary damages for lack of subject matter jurisdiction.

We believe our conclusion is buttressed by a review of the specific instance under the Federal Tort Claim Act ("FTCA") in which the Government has waived sovereign immunity in actions seeking damages for loss or damage to property. We refer to that waiver not to suggest that any particular remedy is, or was, available in this case, or would be

11

available in future cases involving seizure of evidence in criminal matters, but rather to illustrate the manner in which a Rule 41(e) action for damages could undermine the limitations set forth on the waiver of sovereign immunity in property loss or damages cases.

While the FTCA waives sovereign immunity for certain claims for money damages, that waiver is subject to several limitations. See, e.g., 28 U.S.C. S 1346(b)(1) (providing jurisdiction in the district courts for claims for money damages resulting from injury to, or loss of, property caused by the negligence of a Government employee). As particularly germane here, the waiver in section 1346(b) does not extend to any claim "arising in respect . . . of the detention of goods or merchandise by any officer of customs or excise or any other law-enforcement officer." 28 U.S.C. S 2680(c).

The courts have interpreted section 2680(c) to bar claims premised upon essentially any injury to property sustained during its detention. See Kosak v. United States , 465 U.S. 848, 853-55, 104 S.Ct. 1519, 1523-24 (1984). Further, the courts usually broadly interpret the term law-enforcement official within 2680(c). See United States v. 2,116 Boxes of Boned Beef, 726 F.2d 1481, 1490-91 (10th Cir. 1984) (USDA inspectors included); see also Halverson v. United States, 972 F.2d 654, 655-56 (5th Cir. 1992) (INS border patrol agents included); Schlaebitz v. United States Dep't. of Justice, 924 F.2d 193, 194 (11th Cir. 1991) (federal Marshals included); Ysasi v. Rivkind, 856 F.2d 1520, 1525 (Fed. Cir. 1988) (INS border patrol agents included); Formula One Motors, Ltd. v. United States, 777 F.2d 822, 823 (2nd Cir. 1985) (DEA agents included); United States v. Lockheed L-188 Aircraft, 656 F.2d 390, 397 (9th Cir. 1979) (FAA employees included); but see Bazuaye v. United States, 83 F.3d 482 (D.C. Cir. 1996) (postal employees not included); Kurinsky v. United States, 33 F.3d 594, 598 (6th Cir. 1994) (section 2680(c) is limited to detention of goods by law enforcement officers acting in tax or customs capacity).

If a party were to proceed under the FTCA on a negligence theory, then his or her claim for money damages might be barred because the lost or damaged property was

12

detained by law-enforcement officials. Indeed, if the Beins had proceeded under the FTCA their action might have been barred on this very basis. See 28 U.S.C. S 2680(c). Thus, granting an award of damages under Rule 41(e) could allow a party to make a recovery pursuant to a procedural rule even though he or she would be barred from such recovery under a statute passed by Congress. Such a result would be incongruous as it would be directly contrary to the intent of Congress.

Finally, we make reference to two of our recent cases. First we observe that our holding today is not inconsistent with our opinion in United States v. Chambers , 192 F.3d 374. In Chambers, we were presented with the question of what role the district court should play when addressing a Rule 41(e) motion in which the Government asserts it no longer has possession of the property at issue. We concluded that in such a case

> the District Court must determine, in fact, whether the government retains possession of the property; if it finds that the government no longer possesses the property, the District Court must determine what happened to the property. The District Court must hold an evidentiary hearing on any disputed issue of fact necessary to the resolution of the motion.

> If the District Court concludes that the government's actions . . . were not proper, it shall determine what remedies are available.

Chambers, 192 F.3d at 378 (citations omitted). We did not consider there whether such available remedies would include an award of monetary damages. See id. Indeed, we never mentioned sovereign immunity in our opinion. Second, we note that in our en banc opinion in United States v. One Toshiba Color Television, Nos. 98-3578/3579, 2000 WL 669978, at *10 (3d Cir. May 24, 2000), we indicated that even if an owner of property obtains an order vacating an order for forfeiture "that [success] does not mean that he is entitled to any monetary relief or relief in the form of a transfer of property." We, however, did not make a ruling on the point as we merely indicated that under Fed. R. Civ. P. 60(b) such relief might not be

13

available. Again, as in Chambers, we did not discuss sovereign immunity. Thus, our opinion in One Toshiba left open the issue we decide here.

III. CONCLUSION

For the reasons set forth above, we find that the district court did not have jurisdiction over the Beins' Rule 41(e) motion to the extent it sought to recover damages for property the Government allegedly destroyed. Accordingly, we will vacate the order of the district court entered July 9, 1999, and remand the matter to the district court for dismissal for lack of jurisdiction insofar as the motion sought and the order awarded monetary damages. Thus, the order of July 9, 1999, shall stand only with respect to the order to the Government to return the one cart in its possession. The order of August 18, 1999, will be affirmed. We will remand the case to the district court for entry of an order in accordance with this opinion.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit