NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3392
_____

UNITED STATES OF AMERICA,

v.

DWAYNE UNDERWOOD
a/k/a DONNY UNDERWOOD

Dwayne Underwood,
                                                    Appellant
_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-99-cr-00717-001)
District Judge:  Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 18, 2010

Before:  RENDELL, CHAGARES and ALDISERT, Circuit Judges

(Opinion filed: November 29, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Appellant, Dwayne Underwood, a federal prisoner at FCI-Manchester in

Kentucky, is serving of term of 270 months' imprisonment, which was imposed in 2000 by the United States District Court for the Eastern District of Pennsylvania following his conviction on charges of possession of cocaine base and marijuana with intent to distribute (21 U.S.C. § 841(a)(1)), possession of a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)(1)), and possession of a firearm by a convicted felon (18 U.S.C. § 922(g)(1)).

On April 22, 2010, Underwood filed a motion under Federal Rule of Criminal Procedure 41(g) for the return of seized property.[1] Underwood sought the return of a white photo album, an orange sport jacket, and assorted photographs. The government responded with evidence that the Philadelphia Police Department had destroyed the property in 2005 pursuant to a court order. The District Court found that evidence conclusive and denied the Rule 41(g) motion, noting that its denial was without prejudice to Underwood's right to assert claims for alternative forms of relief, i.e., relief other than return of the property, which is the only remedy available under Rule 41(g), see United States v. Bein, 214 F.3d 408, 415 (3d Cir. 2000). Underwood timely filed this appeal. We have jurisdiction under 28 U.S.C. § 1291.

Although he appeals the order denying his Rule 41(g) motion, Underwood has chosen to devote his brief on appeal to an entirely different subject: namely, a claim that

---

[1] "A District Court has jurisdiction to entertain a motion for return of property made after the termination of criminal proceedings against the defendant; such an action is treated as a civil proceeding for equitable relief." United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999).

2

he should be re-sentenced in light of <u>Begay v. United States</u>, 553 U.S. 137 (2008), because his designation as a career offender under U.S.S.G. § 4B1.1 was improperly based upon a prior conviction for reckless endangerment. As the government rightly argues, this appeal is not the proper forum for Underwood to launch a collateral attack upon the legality of his sentence. Because Underwood has elected not to brief any issue challenging the order denying his motion for return of property, he has waived any such issue. <u>See</u> <u>Eurofins Pharma US Holdings v. BioAlliance Pharma SA</u>, --- F.3d ---, 2010 U.S. App. LEXIS 20996, at *32 n.15 (3d Cir. Oct. 12, 2010). There being no issue properly before this Court for review, we will affirm the order denying the Rule 41(g) motion.[2]

---

[2] As to Underwood's attack upon his career offender status, Rule 41(g) plainly provides no authority to address that claim in the present proceeding. As the government observes in its brief, Underwood has two options for presenting his claim: (1) he can file an application in this Court under 28 U.S.C. § 2244 for permission to file a second or successive motion under 28 U.S.C. § 2255 in the sentencing court, or (2) he can file a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district of his confinement, which at present is the United States District Court for the Eastern District of Kentucky. There is no indication in the record before us that Underwood has pursued either avenue for relief. We express no view on the merits of Underwood's <u>Begay</u> claim, and no view on whether Underwood would be entitled to have his claim heard under § 2255 or § 2241. Those issues are not properly before us on this appeal.