**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-1697
_____

UNITED STATES OF AMERICA

v.

RYAN JAMES CRAIG,

Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 06-cr-00219)
District Judge:  Honorable Christopher C. Conner
_____

Submitted Under Third Circuit LAR 34.1(a)
July 10, 2012

Before: FUENTES, HARDIMAN, and ROTH,
*Circuit Judges*.

(Opinion Filed:  September 17, 2012)

Stephen R. Cerutti, II
Joseph J. Terz
Office of United States Attorney
228 Walnut Street, P.O. Box 11754
220 Federal Building and Courthouse
Harrisburg, PA 17108-0000
     *Attorneys for Appellee*

Tina Schneider
Suite 201
44 Exchange Street
Portland, ME 04101-0000
     *Attorney for Appellant*

---

OPINION OF THE COURT

---

HARDIMAN, *Circuit Judge*.

This appeal presents a discrete question arising under the Civil Asset Forfeiture Reform Act (CAFRA), 28 U.S.C. § 2465: does CAFRA entitle a convicted criminal to interest on an award of excess funds returned to him after he satisfies a restitution order?  We hold that it does not.

I

Following his federal criminal convictions for wire fraud and failure to appear at trial, the United States District Court for the Middle District of Pennsylvania ordered Ryan James Craig

2

to pay \$12,411 in restitution and a \$300 special assessment.[1] The Government sought to satisfy the restitution order from \$16,342 it had seized previously from Craig. Conceding that the seized funds could be used for that purpose, Craig filed a motion pursuant to Federal Rule of Criminal Procedure 41(g) for the return of the remaining \$3,631. The Government opposed Craig's motion, arguing that the balance should be applied to an unsatisfied restitution order entered by the United States District Court for the District of Rhode Island. After the District Court for the Middle District of Pennsylvania granted the Government's request and denied Craig's Rule 41(g) motion, the Government moved to dismiss the civil forfeiture action it had simultaneously been pursuing against Craig.

Craig appealed the order that the \$3,631 be transferred to the Rhode Island District Court. Persuaded by Craig's appeal, we ordered the return of the \$3,631 to Craig, holding that "the District Court lacked the statutory authority to order the transfer of seized funds to the Rhode Island Court for the purpose of facilitating the payment of restitution in an unrelated case." *United States v. Craig*, 359 F. App'x 289, 292 (3d Cir. 2009). In accordance with our opinion, the District Court for the Middle District of Pennsylvania directed that the \$3,631 be returned to Craig. Craig then filed a motion seeking interest on that amount pursuant to CAFRA. The District Court denied the motion, and this timely appeal followed.

II

---

[1] We affirmed Craig's conviction and sentence in *United States v. Craig*, 343 F. App'x 766 (3d Cir. 2009).

3

The District Court had subject matter jurisdiction over Craig's criminal case pursuant to § 3231. We have appellate jurisdiction over his appeal under 28 U.S.C. § 1291.

"It is a fundamental principle of sovereign immunity that federal courts do not have jurisdiction over suits against the United States unless Congress, via a statute, expressly and unequivocally waives the United States' immunity to suit." *United States v. Bein*, 214 F.3d 408, 412 (3d Cir. 2000). "'[W]aivers of the Government's sovereign immunity, to be effective, must be unequivocally expressed,' and any such waiver must be construed strictly in favor of the sovereign." *Id.* (quoting *United States v. Nordic Village, Inc.*, 503 U.S. 30, 33 (1992)). Furthermore, the Supreme Court's "no-interest rule" dictates that, "[i]n the absence of express congressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award." *Library of Congress v. Shaw*, 478 U.S. 310, 314 (1986), *superseded on other grounds by* Civil Rights Act of 1991, Pub. L. No. 102-166, § 114, 105 Stat. 1079.

A

Reprising the arguments he made in the District Court, Craig first asserts that the United States is liable for interest under CAFRA because he prevailed in his challenge to the Government's attempt to divert funds to satisfy the Rhode Island restitution order.[2] We disagree. CAFRA provides: "[I]n any

---

[2] As Craig in his opening brief does not suggest that he substantially prevailed in the civil forfeiture action itself, we deem the argument waived. *See Laborers' Int'l Union of N. Am., AFL-CIO v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d

civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable for . . . interest actually paid to the United States . . . and . . . an imputed amount of interest." 28 U.S.C. § 2465(b)(1). A party cannot "prevail" without securing an "alteration in the legal relationship of the parties." *NAACP v. N. Hudson Reg'l Fire & Rescue*, 665 F.3d 464, 486 n.12 (3d Cir. 2011).

Here, when the District Court directed that the seized funds be applied toward the payment of restitution, the Government moved to dismiss the forfeiture proceeding it had initiated against Craig. He agreed to the dismissal of the civil action, and the District Court granted the Government's motion. Craig obtained neither a judgment on the merits nor any relief specific to the forfeiture action. Thus, he does not qualify as a "substantially prevail[ing]" party under CAFRA. 28 U.S.C. § 2465(b)(1).

While Craig concedes that "a Rule 41(g) motion for return of seized funds may not be a civil proceeding to forfeit property," he suggests that the criminal restitution order issued by the District Court at the Government's request qualifies as a civil proceeding to forfeit property. This argument cannot be reconciled with the fact that an order of restitution is a component of a criminal sentence, *United States v. Perez*, 514 F.3d 296, 299 (3d Cir. 2007). As such, it is a remedy distinct from forfeiture and Craig's attempt to conflate the two for purposes of CAFRA fails.

B

---

Cir. 1994) ("An issue is waived unless a party raises it in its opening brief.").

Craig next argues that equity requires the Government to disgorge the interest. Craig cites no authority—nor are we aware of any—for the proposition that equity can abrogate the sovereign immunity of the United States. As the Court of Appeals for the First Circuit has noted, "neither fairness considerations nor rules applicable to private disputes can alone provide grounds for abrogating sovereign immunity." *Larson v. United States*, 274 F.3d 643, 647 (1st Cir. 2001). Accordingly, we hold that Rule 41(g), which provides only for the "return [of] property" and makes no explicit mention of interest, does not waive the sovereign's immunity with respect to Craig's claim.

"Although courts treat a motion pursuant to [Rule 41(g)] as a civil equitable action, such a characterization cannot serve as the basis for subjecting the United States to all forms of equitable relief." *Bein*, 214 F.3d at 415. In *Bein*, we held that the District Court lacked jurisdiction over a Rule 41(g) motion seeking to recover damages for property that the Government allegedly destroyed. *Id.* at 416. Noting that the Rule "only provides for one express remedy—the return of property," we concluded that "a Federal Rule of Criminal Procedure that does not expressly provide for an award of monetary damages does not waive sovereign immunity." *Id.* at 413. The same logic applies to an award of interest. Accordingly, we reject Craig's attempt to circumvent *Bein* by characterizing the interest as part of the seized property because "the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution." *Shaw*, 478 U.S. at 321.

Our holding accords with the majority of our sister circuits to have addressed the issue. *See Larson*, 274 F.3d at 647–48 ("[W]e feel constrained to hold that sovereign immunity prevents recovery of interest here . . . [because while] Congress

6

has revised the statute to indicate its wish to waive sovereign immunity and allow interest; [it] did not make the revision retroactive."); *United States v. 30,006.25 in U.S. Currency*, 236 F.3d 610, 613, 614 (10th Cir. 2000) ("[To the extent that] recharacterizing an interest award as a disgorgement of profits circumvents the effect of sovereign immunity . . . we [are not] aware[] of any general waiver of sovereign immunity for unjust enrichment claims. Moreover, fairness or policy reasons cannot by themselves waive sovereign immunity."); *United States v. $7,990.00 in U.S. Currency*, 170 F.3d 843, 845 (8th Cir. 1999) ("Sovereign immunity does not depend upon whether the government benefitted from its conduct in question. Nor can the no-interest rule be dismissed by labeling the award [the petitioner] seeks constructive interest, or compensation for his loss of use of the property—'the force of the no-interest rule cannot be avoided simply by devising a new name for an old institution.'"); *Ikelionwu v. United States*, 150 F.3d 233, 239 (2d Cir. 1998) ("Absent 'express [C]ongressional consent to the award of interest separate from a general waiver of immunity to suit, the United States is immune from an interest award.' There is no statutory basis for awarding prejudgment interest in this case. Accordingly . . . [petitioner] will not receive prejudgment interest." (quoting *Shaw*, 478 U.S. at 314)).

We recognize that our approach differs from that articulated by the Sixth, Ninth, and Eleventh Circuits, which permit claims of interest to proceed against the United States. *See Carvajal v. United States*, 521 F.3d 1242, 1248–49 (9th Cir. 2008) ("Considering the text of CAFRA, the overall statutory scheme, and the legislative history, we hold that [*United States v.*] *$277,000* remains good law."); *United States v. 1461 W. 42nd St.*, 251 F.3d 1329, 1338 (11th Cir. 2001) ("[T]he government may be liable for pre-judgment interest to the extent

7

that it has earned interest on the seized *res*. In such cases, the government must disgorge its earnings along with the property at the time when the property is returned."); *United States v. $515, 060.42 in U.S. Currency*, 152 F.3d 491, 504 (6th Cir. 1998) ("[T]o the extent that the Government has actually or constructively earned interest on seized funds, it must disgorge those earnings along with the property itself when the time arrives for a return of the seized *res* to its owner."); *United States v. $277,000 U.S. Currency*, 69 F.3d 1491, 1493 (9th Cir. 1995) ("[S]hifting from one pocket to another cannot obscure the fact that . . . the government obtained tangible and calculable financial benefit from the retention of [Claimant]'s money. This is the money that is constructively part of the *res*, and that must be returned to [Claimant].").

As we reasoned in *United States v. Nolasco*, 354 F. App'x 676, 682 (3d Cir. 2009) (non-precedential), the minority view articulated by the Sixth, Ninth, and Eleventh Circuits is at odds with *Shaw*'s exhortation that "[c]ourts lack the power to award interest against the United States on the basis of what they think is or is not sound policy." *Shaw*, 478 U.S. at 321. "[The] view expressed in *$277,000 in U.S. Currency* (finding private transactions instructive) and *Carvajal* (relying on CAFRA's legislative history) is in conflict with *Shaw*." *Nolasco*, 354 F. App'x at 682. "[W]hether labeled as damages, loss, earned increment, just compensation, discount, offset, penalty or any other term, the no-interest rule remains applicable." *Id.* Because "interest by any other name is still interest," *id.*, Craig's equity-based claim must fail.

III

For the foregoing reasons, we will affirm the order of the District Court.