**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2363
_____

UNITED STATES OF AMERICA

v.

COREY ALEXIS BERNARD,
                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2-12-cr-00229-001)
District Judge:  Honorable Mary A. McLaughlin

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 1, 2013
Before:  FUENTES, VANASKIE and VAN ANTWERPEN, Circuit Judges

(Opinion filed: October 2, 2013 )
_____

OPINION
_____

PER CURIAM

Corey Alexis Bernard appeals from an order of the United States District Court for

the Eastern District of Pennsylvania, which denied his motion that he characterized as a

motion to return property filed pursuant to Fed. R. Crim. P. 41(g).  Bernard  pleaded

guilty to willful failure to report currency in violation of 31 U.S.C. §§ 5322 and 5316,

bulk cash smuggling in violation of 31 U.S.C. § 5332, and making false statements in violation of 18 U.S.C. § 1001. He indicated at the plea hearing that he planned to dispute the appropriateness of forfeiture. However, at his sentencing hearing, he affirmed several times that he had decided not to contest forfeiture. The District Court signed a preliminary order of forfeiture of the sum of $193,046 on January 24, 2013, and included the forfeiture in an oral sentencing. The preliminary order was entered the following day, in conjunction with a written judgment. See United States v. Bennett, 423 F.3d 271, 281-82 (3d Cir. 2005).

In a document dated April 4, 2013, and entitled "Pursuant to Rule 41(g), Claimant seek to pursue Motion to Return Property that was waived because of illadvice [sic] of counsel," Bernard sought to have the sum of $193,046 returned, arguing that he waived return of funds because he did not understand the terms of the forfeiture, thus rendering his guilty plea "unknowing, involuntary, and unintelligently entered."[1] Dkt. #39. The District Court denied relief in an order entered April 11, 2013, explaining that the issue had been "thoroughly discussed at the sentencing hearing and in papers filed prior to sentencing." Dkt. #40. The Court concluded that Bernard "knowingly withdrew his objections to forfeiture." Bernard filed a notice of appeal, dated May 6, 2013, and entered the following day.

---

[1] Although we do not reach the merits of Bernard's motion, we note that the Supreme Court has rejected a claim that a court's failure to establish the factual basis for a forfeiture provision contained in a plea agreement undermines the guilty plea, as forfeiture is an aspect of sentencing, rather than an element of the offense. Libretti v. United States, 516 U.S. 29, 38 (1995).

2

We have held that a motion to return property pursuant to Fed. R. Crim. P. 41 is treated as a civil complaint, and that the time for filing an appeal is thus governed by Rule 4(a) of the Federal Rules of Appellate Procedure. United States v. Bein, 214 F.3d 408, 411 n.3 (3d Cir. 2000). Thus, Bernard's notice of appeal was timely filed, and we decline the Government's invitation to dismiss this appeal for lack of jurisdiction.

However, the District Court lacked jurisdiction to consider Bernard's motion, as it was not a proper Rule 41(g) motion for return of property. See id. at 411 (Government must return property seized for evidence after criminal proceedings conclude, "unless it is contraband *or subject to forfeiture*") (emphasis added). Bernard's motion did not seek return of other property that was not subject to the forfeiture order; rather, it was a challenge to the forfeiture order itself, and "is best seen as an improper attempt to challenge a component of his sentence." Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007). "[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or not at all." Id.; see also United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999) (forfeiture order is final, appealable order at sentencing as forfeiture order conclusively determines all of defendant's interest in forfeited property).

For the foregoing reasons, we will modify the District Court judgment to reflect a dismissal for lack of subject matter jurisdiction, and will affirm the judgment as modified.

3