**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4534
_____

SHERRI BOSESKI,
                                        Appellant

v.

NORTH ARLINGTON MUNICIPALITY; BERGEN REGIONAL MEDICAL
CENTER; UNITED STATES DEPARTMENT OF DEFENSE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-13-cv-02652)
District Judge:  Honorable William J. Martini
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 3, 2015

Before: AMBRO, VANASKIE and SLOVITER, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 7, 2015)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Appellant Sherri Boseski, proceeding pro se, brought an array of claims against the Department of Defense ("DOD"), North Arlington Municipality ("North Arlington"), and the Bergen County Medical Center ("Bergen Medical"), based on incidents spanning at least a decade, averring a wide-ranging conspiracy among the defendants to violate her civil, statutory, contractual and common-law rights. She alleges that the defendants have committed a "continuous tort," comprised of incidents of false arrest and assault by North Arlington Police officers in 2003, 2004, and 2006; her involuntary commitment to Bergen Medical Center in 2006; bias and misconduct by New Jersey state court judges in adjudicating her prior criminal and civil cases; a conspiracy among the defendants and the New Jersey courts to conscript her into military service against her will; several incidents of rape by military officers during her recruitment into and service in the United States Army; failure by the Army's Criminal Investigation Command ("CID") and the North Arlington Police to conduct an adequate investigation into her sexual assault allegations, during and after her military service; and medical malpractice by Department of Veterans Affairs ("VA") doctors who treated her after her discharge from the military.

Boseski asserts various causes of action, including "conspiracy to commit fraud, restriction of trade – 15 U.S.C.A. [§] 1, breach of contract by the military, negligence, assault, legal malpractice, false arrest and imprisonment, defamation, [libel]," conspiracy to deny her access to the courts, violations of the Thirteenth Amendment's prohibition against involuntary servitude, and other unspecified violations of her civil rights under 42

2

U.S.C. §§ 1981, 1983, and 1985. She seeks ten million dollars in damages for lost past and future earnings, and medical and legal expenses.

On December 13, 2013, the District Court dismissed the complaint against North Arlington and Bergen Medical under Federal Rule of Civil Procedure 12(b)(6), as barred by the applicable statute of limitations and by the doctrine of res judicata.[1] On October 21, 2014, the District Court dismissed the complaint against the DOD under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the basis of sovereign immunity and other jurisdictional grounds. Boseski timely appealed from both orders.[2]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of the claims under Rules 12(b)(1) and 12(b)(6), and we employ the same standard in reviewing the complaint as did the District Court. See Free Speech Coal., Inc. v. Attorney Gen., 677 F.3d 519, 529–30 (3d Cir. 2012). We may

---

[1] In this circuit, a defendant may assert a statute of limitations defense in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) where it is apparent on the face of the complaint that the claims are time-barred. See Robinson v. Johnson, 313 F.3d 128, 135 & n.3 (3d Cir. 2002).

[2] The District Court expressly dismissed the claims against the DOD with prejudice, but did not state whether Boseski's claims against North Arlington and Bergen Medical were dismissed with prejudice. In any event, Boseski did not file an amended complaint before appealing to this Court. Because she has elected to stand on her original complaint, we may exercise jurisdiction over this appeal. See Frederico v. Home Depot, 507 F.3d 188, 192 (3d Cir. 2007). Technically, Boseski filed her notice of appeal only as to the District Court's order dismissing the DOD, but her brief makes clear that she also challenges the order dismissing North Arlington and Bergen Medical.

affirm the District Court's judgment on any grounds supported by the record. Hughes v. Long, 242 F.3d 121, 122 n.1 (3d Cir. 2001).

We agree with the District Court that most of Boseski's claims against North Arlington and all of her claims against Bergen Medical are barred by the applicable statute of limitations. Boseski alleges that she was assaulted and falsely arrested by North Arlington Police on three occasions—November 5, 2003; July 3, 2004; and September 13, 2006. She also alleges that she was involuntarily committed to Bergen Medical for five or six days immediately following her September 13, 2006 arrest. The statute of limitations for constitutional claims under 42 U.S.C. § 1983 is the same as the statute of limitations for personal injury claims in the state in which the cause of action arose. See Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010). In New Jersey, the statute of limitations for personal injury claims is two years. See N.J. Stat. Ann. § 2A:14-2.

However, the "[t]he period of service, in time of war and 6 months thereafter, of any person, in active service in any of the armed forces of the United States, . . . shall not be included in computing any period limited . . . by any law for the bringing of any action by or against any such person . . . whether such cause of action shall have accrued prior to, or during, the period of such service or during such 6 months thereafter." N.J. Stat. Ann. § 2A:14-26. According to a VA document attached to her complaint, Boseski served in the Army from September 19, 2006, to October 15, 2009.[3] Even assuming that

_____

[3] In its opinion dismissing the claims against North Arlington and Bergen Medical, the

4

this entire period of time meets the definition set forth in § 2A:14-26 for service "in time

of war," the statute of limitations for all three incidents expired before Boseski filed this

lawsuit. The two-year limitations period for the November 2003 and July 2004 incidents

expired before Boseski entered the Army in September 2006. As to the September 13,

2006 incident, the limitations period was tolled for the period of Boseski's military

service and six months thereafter, until April 2010, and expired two years later in April

2012, a year before Boseski's complaint was filed in federal court.

Boseski's unsupported assertions that the defendants engaged in a "continuous

tort" and conspiracy are insufficient to justify additional tolling. Boseski has pleaded no

facts to support her conclusory allegation that the DOD, Bergen Medical, and North

Arlington are engaged in a conspiracy, or the type of continuous tort that might

conceivably toll the statute of limitations for these early incidents.[4]

---

District Court stated that Boseski began her military service on September 24, 2006. This minor discrepancy does not affect our analysis.

[4] Boseski's argument that a six-year statute of limitations applies to "legal malpractice" claims is inapposite, because her allegations do not state a claim for legal malpractice. Although she alleges numerous examples of behavior she believes demonstrate judicial bias by New Jersey state court judges, or failure to abide by certain professional codes of conduct, these do not state a claim for malpractice. Moreover, "[a] judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." Azubuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006). It is likewise irrelevant that a longer statute of limitations may apply to fraud claims, as Boseski's claims of fraud are wholly conclusory.

Despite her contention otherwise, the fact that Boseski did not receive an official diagnosis of Post-Traumatic Stress Disorder ("PTSD") until October 2010 does not affect our analysis of the claims against North Arlington or Bergen Medical, because she does not allege that her PTSD was the result of any action by those defendants. Even had she

The District Court also correctly held that Boseski was barred from pursing claims against North Arlington related to the 2003 and 2004 incidents, which had been the subject of an earlier civil suit in the Superior Court of New Jersey, Bergen County. See Boseski v. North Arlington Municipality, No. BER-L-7886-12 (N.J. Super. Ct., filed Oct. 9, 2012). The doctrine of res judicata, or claim preclusion, precludes a party from relitigating the same claims against the same parties after those claims have already been decided on the merits. The doctrine applies when a defendant demonstrates that "there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984). On February 22, 2013, the Superior Court dismissed Boseski's claims with prejudice, as barred by the statute of limitations. This dismissal was unquestionably a final adjudication on the merits in a suit involving the same parties, involving the same underlying incidents. See Athlone Indus., 746 F.2d at 984 (explaining that, for res judicata purposes, suits involve the same cause of action where there is "an essential similarity of the underlying events giving rise to the various legal claims").

The only remaining allegations against North Arlington are that (1) North Arlington police failed to adequately investigate Boseski's 2012 complaint regarding her

---

so alleged, her cause of action would have accrued at the time of each arrest. See Rose v. Bartle, 871 F.2d 331, 350 (3d Cir. 1989) (noting that a § 1983 claim for false arrest accrues on the date of the arrest). Cf. Zeleznik v. United States, 770 F.2d 20, 22-23 (3d Cir. 1985) (noting that, for tort claims under the FTCA, the cause of action generally accrues when the injured party knows of his injury and its cause).

2005 rape; and (2) in March 2013, a municipal snowplow dumped snow on Boseski's freshly shoveled sidewalk (an action which she asserts is part of a campaign of harassment by the North Arlington police). Neither of these allegations is sufficient to state a claim against North Arlington. First, Boseski has no cognizable claim against a government entity for its failure to investigate or bring criminal charges against another individual. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). See also Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) (holding that "[t]here is no statutory or common law right, much less a constitutional right, to an investigation."). Second, to the extent that the complaint purports to allege police harassment or the failure of certain police officers to investigate her complaints, Boseski has not alleged that her injuries were the result of a policy or custom, so as to implicate municipal liability under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978) ("[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983."). Cf. Groman v. Twp. of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995) ("vague assertions about the police department's failure to investigate" alleged wrongdoings did not establish municipal liability). Accordingly, we will affirm the District Court's dismissal of the claims against Bergen Medical and North Arlington.[5]

---

[5] Boseski has not stated a claim against any defendant under 42 U.S.C. § 1981, because

7

The District Court also correctly dismissed the claims against the DOD, on the basis of sovereign immunity generally, and, to the extent that the United States may have waived its immunity under the Federal Tort Claims Act ("FTCA"), for failure to pursue the prerequisite administrative remedies. Sovereign immunity protects the federal government and its agencies from suit "except insofar as it has waived that immunity." United States v. Bein, 214 F.3d 408, 413 (3d Cir. 2000) (citing Lane v. Pena, 518 U.S. 187, 192 (1996)). Any such waiver "must be expressed unequivocally in statutory text and will not be implied." Id. The FTCA acts as a limited waiver of sovereign immunity, permitting private suits against the federal government for certain tort claims for money damages. White-Squire v. U.S. Postal Serv., 592 F.3d 453, 456–57 (3d Cir. 2010).

However, "[n]o claim can be brought under the FTCA unless the plaintiff first presents the claim to the appropriate federal agency and the agency renders a final decision on the claim." Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015); 28 U.S.C. § 2675(a) ("An action shall not be instituted upon a claim against the United States for money damages for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency

she does not allege that any defendant's actions were motivated by racial discrimination. See Brown v. Phillip Morris Inc., 250 F.3d 789, 797 (3d Cir. 2001). Similarly, a claimant under 42 U.S.C. § 1985 must adequately allege both a conspiracy, and "some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action," Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)), which Boseski has not.

and his claim shall have been finally denied by the agency . . . .").  The claim must be presented in writing, accompanied by a claim for money damages in a "sum certain." White-Squire, 592 F.3d at 457–60 & n.4; 28 C.F.R. § 14.2(a) ("For purposes of . . . 28 U.S.C. [§ 2675], a claim shall be deemed to have been presented when a Federal agency receives from a claimant . . . an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain . . . .").  These requirements are jurisdictional.  See White-Squire, 592 F.3d at 457.

The DOD supported its motion to dismiss with a sworn declaration that there is no record of any administrative claim filed by Boseski; nor has Boseski produced any evidence that she has ever presented a written, sum-certain claim to the appropriate federal agency.[6]  Her non-specific allegation that she "reported" her rape to military authorities is not sufficient to meet the procedural requirements of the FTCA.[7]  Because Boseski did not file an administrative claim within two years of the accrual of any of the claims in her complaint, the District Court correctly dismissed her FTCA claims with prejudice, as "forever barred" under 28 U.S.C. § 2401(b).

---

[6] In reviewing a factual challenge to a complaint under Rule 12(b)(1), a court may consider evidence extrinsic to the pleadings, such as depositions and affidavits. Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000) (citing Gotha v. United States, 115 F.3d 176, 179 (3d Cir. 1997)).

[7] Because we find that Boseski failed to meet these procedural prerequisites, we need not address whether her tort claims also fall within one of the exceptions to the FTCA's immunity waiver set forth in 28 U.S.C. § 2680.

9

The District Court also properly dismissed Boseski's constitutional claims against the DOD on sovereign immunity grounds. See F.D.I.C. v. Meyer, 510 U.S. 471, 478 (1994) (declining to extend the Bivens[8] rationale to actions against agencies of the United States, and stating that "the United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims").

Finally, acknowledging that it was "difficult to discern the substance of Plaintiff's [breach of contract] claim," the District Court nonetheless generously construed the claim as one seeking compensation under Boseski's enlistment contract with the Army. The District Court correctly noted, however, that under the "Little Tucker Act," the federal district courts have jurisdiction over contract claims against the United States only when those claims do not exceed $10,000. See 28 U.S.C. § 1346(a)(2). We agree with the District Court that Boseski's complaint does not state any readily identifiable claim for breach of express or implied contract.

Although the District Court did not dismiss the complaint on this basis, we note that a substantial number of Boseski's claims against the DOD appear to be barred by Feres v. United States, 340 U.S. 135 (1950), and its progeny (hereinafter, the "Feres doctrine"). In Feres, the Supreme Court held that "the Government is not liable under the [FTCA] for injuries to servicemen where the injuries arise out of or are in the course of activity incident to service." Id. at 146. The doctrine developed primarily due to

_____

[8] Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 389 (1971) (recognizing a private cause of action to recover damages against federal actors for constitutional violations).

10

concerns about the "adverse impact on military discipline inherent in the judicial review of military orders," and has been expanded to bar a broad range of claims asserted by service members. Matreale v. N.J. Dept. of Military & Veterans Affairs, 487 F. 3d 150, 154 (3d Cir. 2007). For example, the doctrine has been applied not only to claims under the FTCA, but also to Bivens and § 1983 claims against military officers and civilians for constitutional violations, id. at 153–54 (citing Chappell v. Wallace, 462 U.S. 296, 304 (1983); Jorden v. Nat'l Guard Bureau, 799 F.2d 99, 104–06 (3d Cir. 1986)), and to damages claims arising out of violations of state tort law. Id. at 154 (citing Jaffee v. United States, 663 F.2d 1226, 1239 (3d Cir. 1981)).[9] Boseski's complaint clearly alleges numerous injuries that stem from her military service, and are likely barred by Feres. See, e.g., Cioca v. Rumsfeld, 720 F.3d 505, 512–15, 518 (4th Cir. 2013) (holding that no Bivens action would lie for claims by former and current service members who were victims of sexual assault, alleging that acts and omissions of the Secretary of Defense contributed to a military culture of tolerance for sexual crimes, by failing to adequately investigate, punish, or prevent such crimes).

We have carefully considered Boseski's remaining allegations and have determined that they do not state any plausible claims for conspiracy, fraud, restraint of trade, libel, defamation, discrimination, legal malpractice, false arrest or breach of

---

[9] Feres might not bar a claim for medical malpractice against VA doctors where the alleged injury occurred after discharge, see United States v. Brown, 348 U.S. 110, 112 (1954), but Boseski would be required to exhaust administrative remedies under the FTCA before bringing any such claim.

contract. Inasmuch as these allegations also fail to state a claim against any individual defendant or governmental entity that would not be barred by the relevant statute of limitations, by failure to exhaust administrative remedies, or by immunity, amendment of the complaint would be futile.

Accordingly, we will affirm the District Court's judgment. Appellant's motion for leave to amend her complaint and/or appeal to include new claims and new defendants is denied.