**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1848
_____

UNITED STATES OF AMERICA

v.

JEREMY NOYES,
                    Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 1-08-cr-00055-001)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2014
Before:  RENDELL, GREENAWAY, JR. and ALDISERT, Circuit Judges

(Opinion filed: February 04, 2014)
_____

OPINION
_____

PER CURIAM

       Jeremy Noyes appeals pro se from an order of the United States District Court for

the Western District of Pennsylvania, which denied his motion that he characterized as a

motion to return property filed pursuant to Fed. R. Crim. P. 41(g).  Noyes was convicted

of the transportation, receipt, and possession of material depicting the sexual exploitation

of a minor and the transportation of obscene matter, following a five-day jury trial at which he represented himself. He was sentenced to forty-five years' imprisonment, the statutory maximum. Thereafter, the United States sought criminal forfeiture of two of Noyes' computers pursuant to 18 U.S.C. § 2253(a)(3). The jury found that Noyes had used the two computers at issue to commit the offenses for which he had been found guilty, and on April 13, 2011, the District Court issued a preliminary order of forfeiture.

On October 18, 2012, this Court affirmed Noyes' conviction and sentence on appeal. See United States v. Noyes, 501 F. App'x 168 (3d Cir. 2012), cert. denied, 133 S. Ct. 1654 (2013). A final order of forfeiture was issued by the District Court on December 19, 2012, ordering that the two computers be forfeited to the United States "free and clear of all right, title and interest of any person or entity, including without limitation Jeremy Noyes." On February 11, 2013, Noyes filed a motion to stay disposition of the forfeited computers, requesting that the Court have the government return "all non-contraband data electronic files, and programs, contained on either of the forfeited computers" and preserve a "mirror copy" of all storage devices until the expiration of any appeals. By Order entered March 5, 2013, the District Court denied the motion without explanation. This appeal followed.[1]

Initially we note that the Government argues that Noyes' appeal should be dismissed as untimely because Noyes' motion was not a proper motion pursuant to Fed.

---

[1] We have jurisdiction pursuant to 28 U.S.C. § 1291.

R. Crim. P. 41(g). Rather, the Government contends that Noyes' motion was a direct challenge to the final order of forfeiture, and because criminal forfeiture is part of a defendant's criminal case, see, e.g., United States v. Pelullo, 178 F.3d 196, 202 (3d Cir. 1999), Noyes' appeal is subject to the fourteen-day time limit in Federal Rule of Appellate Procedure 4(b). To the extent that Noyes' motion was an attempt to directly challenge the District Court's forfeiture order, and not a motion to return property pursuant to Fed. R. Crim. P. 41(g), we agree with the Government that the appeal was untimely and should be dismissed for lack of jurisdiction. See, e.g., United States v. Apampa, 179 F. 3d 555, 556 (7th Cir. 1999) (dismissing appeal of forfeiture order as untimely under Fed. R. App. P. 4(b)). The District Court's final order of forfeiture was entered on December 19, 2012, but Noyes did not file his notice of appeal until March 20, 2013, well outside the time to appeal in a criminal matter. See Fed. R. App. P. 4(b).

To the extent that Noyes' motion was a true motion to return property pursuant to Fed. R. Crim. P. 41, we conclude that the District Court properly denied the motion.[2] "It is well settled that the Government may seize evidence for use in investigation and trial, but that it must return the property once the criminal proceedings have concluded, *unless*

---

[2] If Noyes' motion was a true Rule 41(g) motion, there is no issue regarding the timeliness of the appeal. We have held that a Rule 41(g) motion is treated as a civil complaint, and that the time for filing an appeal is thus governed by Rule 4(a) of the Federal Rules of Appellate Procedure. United States v. Bein, 214 F.3d 408, 411 n.3 (3d Cir. 2000). Noyes' motion was denied by the District Court by order entered March 5, 2013, and he filed his notice of appeal on March 20, 2013, within the sixty-day limit of Fed. R. App. P. 4(a)(1)(B).

it is contraband *or subject to forfeiture*." Bein, 214 F.3d at 411 (emphasis added); see also United States v. Chambers, 192 F.3d 374, 377 (3d Cir. 1999) ("a [former] Rule 41(e) motion is properly denied if . . . the property is . . . subject to forfeiture.") (quotation marks omitted). Noyes requested the return of certain files and programs contained on the forfeited computers, but the computers as a whole, including all of their files and programs, were subject to the forfeiture order. Pursuant to the criminal forfeiture statute, upon conviction of a federal child exploitation offense, the defendant shall forfeit to the United States "*any property*, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property." 18 U.S.C. § 2253(a)(3). There is nothing in the statute which indicates that only a portion of the "property" can be forfeited. See, e.g., United States v. Hull, 606 F.3d 524, 528-29 (8th Cir. 2010) (upholding a forfeiture order of real property, which included the defendant's house, as well as nineteen acres of rural land, upon a conviction of two child pornography offenses, and noting that "[o]nce it is established that the 'property' subject to forfeiture consists of the entire acreage, nothing in the statute allows the court to order forfeiture of less than this "property.").

Based on these principles, Noyes' motion did not seek return of property that was not subject to the forfeiture order. Rather, it was essentially a challenge to the forfeiture order itself, and "is best seen as an improper attempt to challenge a component of his sentence." Young v. United States, 489 F.3d 313, 315 (7th Cir. 2007). "[A] criminal forfeiture is part of the defendant's sentence and must be challenged on direct appeal or

4

not at all." Id.; see also Pelullo, 178 F.3d at 202 (forfeiture order is final, appealable order at sentencing as forfeiture order conclusively determines all of defendant's interest in forfeited property). Accordingly, Noyes was required to challenge the scope of the forfeiture order on direct appeal, but he failed to do so. See Noyes, 501 F. App'x at 169.[3] Moreover, the cases on which Noyes relies do not support his contention that Fed. R. Crim. P. 41(g) provided the District Court with authority to return the forfeited computer files and programs to him. See, e.g., United States v. Cardona-Sandoval, 518 F.3d 13, 15 (1st Cir. 2008) (Government conceded that the property defendant requested was not subject to forfeiture); United States v. Juluke, 426 F.3d 323, 327-28 (5th Cir. 2005) (in a case involving a direct appeal of a forfeiture order, not a Rule 41(g) motion, the Court concluded that the Government failed to demonstrate a sufficient nexus between certain assets and the drug offenses); United States v. Knellinger, 471 F. Supp. 2d 640, 649-50 (E.D. Va. 2007) (granting request for mirror image of computer hard-drive so that the defendant could prepare a defense pre-trial).

Turning to Noyes' request that a "mirror copy" of all storage devices be preserved until the conclusion of all possible appeals, the Government has agreed to maintain the computers until the completion of any habeas litigation. Accordingly, the District Court properly denied this request as moot.[4]

---

[3] As explained supra, to the extent that Noyes is directly challenging the forfeiture order here, his appeal is untimely.

[4] Noyes presents several arguments related to discovery and non-disclosed evidence.

For the foregoing reasons, we will affirm the District Court judgment.

---

These discovery issues are not properly before this Court. Noyes did not raise them in his Motion to Stay the Disposition of Forfeited Computers, which is the subject of this appeal. Moreover, Noyes' motions to compel discovery were ruled upon by the District Court, and he did not pursue these issues on appeal. See Minute Entry for May 12, 2010; Order entered November 19, 2010; Noyes, 501 F. App'x at 169. To the extent that Noyes may wish to collaterally challenge his conviction or sentence, the appropriate remedy is by a properly filed motion in the District Court pursuant to 28 U.S.C. § 2255. We express no opinion about the merits of such a motion.