NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 16-2687

_____


UNITED STATES OF AMERICA

v.

BRIAN LEE NESTOR,

Appellant


_____


Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2-07-cr-00369-001)
District Judge: Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
January 17, 2017

Before: AMBRO, VANASKIE, and SCIRICA, Circuit Judges

(Opinion filed February 6, 2017)

_____

OPINION[*]

_____


AMBRO, Circuit Judge

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Brian Nestor appeals the District Court's order modifying the terms of his supervised release. Because the District Court did not err in modifying these terms, we affirm.

## I. Background

Nestor was indicted and charged on two counts involving sexual offenses with minors. He pleaded guilty to the second count and was convicted of the first after a jury trial. In May 2008, the Court sentenced him to 120 months' incarceration and ten years of supervised release.

Two months prior to Nestor's anticipated release date, his Probation Officer filed an application to modify the terms and conditions of his supervised release to restrict his computer usage at home and at work, provide Probation the means to monitor this usage, and prohibit Nestor from frequenting or loitering within 500 feet of places where children gather without prior permission of his Probation Officer. At the show-cause hearing, Nestor's Probation Officer testified that the following circumstances led her to seek modification: (1) she had never before supervised a sex offender who was not subject to the kinds of restrictions she sought to impose, and she believed that without these conditions supervisory release would not rehabilitate Nestor nor would it satisfy the goals of deterrence and community protection; (2) before Nestor's sentence ended and supervisory release began, she had advised him to begin mental health and sex offender treatment, he chose not to follow this advice, and he misrepresented compliance to a treatment provider; and (3) he communicated with a felon convicted of a sex offense through the prison computers under an alias and after identifying this individual as

"clergy." Nestor represented to the Court that counsel advised him not to begin mental health treatment until his release date and that the person Probation identified as a sex-offender was a mentor who provided positive support to him "during a very difficult prison experience." Supp. App. 5. The District Court ordered modifications in accord with Probation's request. Nestor timely appealed.

## II. Jurisdiction & Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

"[W]e review challenges to the imposition of a special condition of supervised release, as well as a district court's decision to modify the terms of release, for abuse of discretion." *United States v. Smith,* 445 F.3d 713, 716 (3d Cir. 2006). When a district court's decision to modify conditions of supervised release is based on the interpretation and application of governing law, our review is plenary. *Id.*

## III. Analysis

Nestor argues that the District Court lacked authority to modify the conditions of his supervised release because he did not violate the initial conditions and no subsequent unforeseen circumstances justify any further deprivation of his liberty.

18 U.S.C. § 3583(e)(2) provides that a court "may modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release," after considering the factors in 18 U.S.C. § 3553(a). Per Federal Rule of Criminal Procedure 32.1(c), the Court must hold a hearing before exercising this authority. The Advisory Committee Notes to Rule 32.1(b) emphasize that

3

"the sentencing court must be able to respond to changes in the probationer's circumstances as well as new ideas and methods of rehabilitation."

As an initial matter, we recognize "[i]t is an open question in our Circuit whether a district court must find new or unforeseen circumstances before it may modify a person's conditions of supervised release." *United States v. Murray*, 692 F.3d 273, 278 (3d Cir. 2012). However, we have expressed doubt that any such requirement exists because the statute makes no mention of it. *Id.* at 279. The District Court agreed that the plain language of the statute did not support a "changed circumstances" requirement. Nevertheless, it found that, even assuming a threshold showing of changed circumstances is required, the Government identified two material post-sentencing instances of non-compliance that justified the new terms.

First, Nestor misrepresented his participation in mental-health programs. When his probation officer recommended he attend mental health and sex-offender treatment programs to prepare for release from the community corrections facility, Nestor informed a mental-health care provider that he would not be attending that program because he would be attending an alternative program. Yet he had signed himself out of the alternative program a week earlier. Second, Nestor had been communicating through the prison computers with another convicted sex offender. He identified this man as "clergy" in the prison logs. These circumstances were not before the District Court when it set the terms of supervisory release. Therefore, it did not err in concluding it could amend the conditions of the release under 18 U.S.C. § 3583(e)(2).

4

Next, § 3583(d) authorizes a sentencing court to impose a condition of supervised release "to the extent that such [a] condition—(1) is reasonably related to the factors set forth in [18 U.S.C. § 3553(a) ]; [and] (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section [3553(a) ]." These factors are: (1) the nature of a defendant's offense and the defendant's history and characteristics; (2) the need for adequate deterrence; (3) the need to protect the public from further crimes of the defendant; and (4) the need to provide the defendant with correctional treatment, including vocational training or medical care. *United States v. Miller,* 594 F.3d 172, 183 (3d Cir. 2010). "Notably, in addition to the sentencing goals enumerated, § 3553(a) also requires parsimony—that '[t]he court impose a sentence sufficient, but not greater than necessary.'" *United States v. Albertson,* 645 F.3d 191, 197 (3d Cir. 2011). "[W]e review the reasonableness of a supervised release term against the § 3553(a) factors, recognizing that the primary purpose of supervised release is to facilitate the integration of offenders back into the community rather than to punish them." *Id.* (quotations omitted). We also "requir[e] that district courts explain and justify conditions of supervised release." *Miller,* 594 F.3d at 184.

Nestor received a fair hearing under Rule 32.1, and the District Court gave meaningful consideration to the factors enumerated in § 3553(a). It found these factors counseled in favor of the computer-monitoring and anti-loitering conditions. Also, it reasonably concluded that these conditions corresponded to the nature of the offenses and that they would further § 3553(a)'s goals of deterrence and public safety. Although Nestor argues that the newly imposed conditions were greater than needed to achieve

5

these ends, the Court did not err in finding they were not. In support of this finding, it emphasized that Nestor's convictions demonstrated the risk he posed to children and reasoned that "[b]oth sets of conditions would serve to deter [him] from engaging in similar behavior upon release and to protect children from further crimes[.]" App. 4. It further cited to the probation officer's testimony that the proposed conditions are "routinely imposed on defendants like [] Nestor who are convicted of child exploitation crimes involving the use of a computer[]" and that Nestor "attempted to [use his home and work computers to] arrange to meet an actual young boy[.]" *Id.*

We recognize the conditions Nestor challenges may affect his ability to obtain employment, but the Court did not abuse its discretion. In concluding that the provision for monitoring his work computers imposed no greater restriction than necessary, it referenced testimony from a friend of Nestor's who offered him a full-time job and expressed willingness to work with probation officers. The friend's testimony that there were no areas for children within 500 feet of his establishment also supports that the anti-loitering provision would not be unduly onerous. Moreover, as the Court noted, "[e]ven if such play areas… implicated the provision, the condition allows for exceptions with the permission of the probation officer." *Id.* at 7.

No abuse of the District Court's discretion occurred in modifying Nestor's supervised-release conditions. Accordingly, we affirm.

6