**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2716
_____

UNITED STATES OF AMERICA

v.

BRIAN LEE NESTOR,
                              Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal Action No. 2:07-cr-00369-001)
District Judge: Honorable Mark R. Hornak

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 16, 2024
Before: SHWARTZ, RESTREPO, and FREEMAN, <u>Circuit Judges</u>

(Opinion filed: January 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

   Convicted sex offender Brian Lee Nestor was on supervised release when he used

his smartphone to search for child pornography and solicit help procuring a child for sex.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Based on that conduct, the Government seized from Nestor certain electronic devices and accessories, including his smartphone. Nestor was subsequently convicted of violating the terms of his supervised release, sentenced by the District Court, and unsuccessful on direct appeal. Afterward, Nestor filed a motion asking the District Court to order the return of his Government-seized property under Federal Rule of Criminal Procedure 41(g) ("A person aggrieved . . . by the deprivation of property may move for the property's return."). The District Court denied Nestor's Rule 41(g) motion and denied reconsideration. Nestor appeals those rulings. For the reasons that follow, we will affirm.

## I.

Several years ago, a federal jury found Nestor guilty of attempting to lure a child into sex, in violation of 18 U.S.C. § 2422(b). Around the same time, Nestor pleaded guilty to possessing child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). The District Court imposed concurrent prison terms of 46 and 120 months, to be followed by a 10-year term of supervised release. We affirmed the criminal judgment on direct appeal. See United States v. Nestor, 574 F.3d 159, 162-63 (3d Cir. 2009).[1]

In anticipation of Nestor's leaving prison—and in part due to conduct not relevant to this appeal—his probation officer proposed modifications of the supervised-release conditions. The modifications included restrictions on, and the monitoring of, Nestor's

---

[1] Nestor's motions to vacate under 28 U.S.C. § 2255, to file a second/successive § 2255 motion, to modify the conditions of supervised release under 18 U.S.C. § 3583(e)(2), and for early termination of supervised release under 18 U.S.C. § 3583(e)(1), were all rejected. See, e.g., United States v. Nestor, 461 F. App'x 177 (3d Cir. 2012) (per curiam).

2

computer usage. We affirmed the District Court's imposition of those modifications. <u>See</u> <u>United States v. Nestor</u>, 678 F. App'x 73, 74 (3d Cir. 2017).

While Nestor was on supervised release, his probation officer reviewed data captured from Nestor's smartphone using forensic software, pursuant to the court-approved monitoring condition. The data indicated that Nestor had violated the terms of his supervised release. Specifically, it appeared that Nestor was accessing pornographic websites in search of sexually explicit images of children, and that he was using a messaging app to solicit assistance in forming a sexual relationship with two other persons, one of whom Nestor hoped would be a young teenager.

Thereafter, a search warrant was executed at Nestor's apartment and his probation officer seized equipment that Nestor could use to access the internet. The District Court held hearings, concluded that Nestor violated the terms of supervised release, revoked supervision, and sentenced him to 48 months of imprisonment plus a new, lifetime term of supervised release.[2]

Months later, Nestor filed a pro se motion under Rule 41(g). Nestor sought to recover items he claimed were seized during the search of his apartment and described the items to this extent: "1 laptop computer"; "various computer cables and mouse"; "miscellaneous computer accessories needed for the functioning of his computer"; and "1 cellphone and charger for cellphone." Supplemental Appendix (S.A.) 29.

---

[2] Nestor withdrew his appeal of that judgment. <u>See</u> <u>United States v. Nestor</u>, CA. No. 22-2266 (3d Cir. Sept. 21, 2022) (order). His anticipated release date is November 21, 2025.

The Government responded that Nestor's phone—an LG Stylo 5 smartphone with Android operating system—contained contraband, was subject to forfeiture under 18 U.S.C. § 2253(a), and should be destroyed.[3] As for Nestor's laptop and charging cord, the Government agreed to their return so long as the laptop's hard drive was first wiped clear. The Government did not address head-on any other property referenced in Nestor's motion.

---

[3] The Government relied on a "derivative contraband" theory of property-forfeiture. See Cooper v. City of Greenwood, Miss., 904 F.2d 302, 305 (5th Cir. 1990) ("[D]erivative contraband includes items which are not inherently unlawful but which may become unlawful because of the use to which they are put—for example, an automobile used in a bank robbery. Because a property interest in derivative contraband is not extinguished automatically if the item is put to unlawful use, the forfeiture of such an item is permitted only as authorized by statute[.]") (internal citation omitted). The forfeiture-authorizing statutory provision reads:

> Property subject to criminal forfeiture.--A person who is convicted of an offense under this chapter involving a visual depiction described in section 2251, 2251A, 2252, 2252A, or 2260 of this chapter or who is convicted of an offense under section 2252B of this chapter,[ ] or who is convicted of an offense under chapter 109A, shall forfeit to the United States such person's interest in--
>> (1) any visual depiction described in section 2251, 2251A, or 2252 2252A, 2252B, or 2260 of this chapter, or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;
>> (2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense; and
>> (3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property.

18 U.S.C. § 2253(a) (bolding removed and internal footnotes omitted).

In reply, Nestor protested wiping because the laptop contained "irreplaceable family photos" and "other valuable private information." S.A. 42. Separately, Nestor, while conceding his smartphone was subject to forfeiture, requested that the Government instead conduct a factory reset of the device and return it to him for future use. Nestor's reply only addressed the laptop and the smartphone.

The District Court appointed Nestor CJA counsel (Michael Ovens, Esq.), who argued that the laptop should be returned unwiped, and suggested that Nestor's factory reset argument concerning the smartphone ran contrary to the reasoning in our non-precedential opinion in United States v. Noyes, 557 F. App'x 125, 127 (3d Cir. 2014) (per curiam) ("There is nothing in [§ 2253(a)] which indicates that only a portion of the 'property' can be forfeited."). The Government responded that it had since returned the laptop and charging cord to Attorney Ovens, maintained that Nestor's smartphone contained contraband and should be destroyed, and, for the first time, disclaimed possession of a mouse or other accessories for the laptop.[4]

The District Court entered an order denying Nestor's Rule 41(g) motion as to the smartphone, its case, and its charger. The District Court ordered that those items be

---

[4] The Government also returned to Nestor (via Attorney Ovens) a broken ZTE-brand mobile phone (with case) that it had seized but could not analyze because of the phone's condition. The ZTE phone was not referenced in the Rule 41(g) motion. All references to a "smartphone" in this opinion are to the LG Stylo 5—the device containing the sexually explicit material at the root of Nestor's violating the terms of supervised release.

forfeited to the Government and destroyed. The District Court determined that the motion was otherwise moot because the laptop and its charging cord had been returned.

Nestor filed a notice of appeal, along with a document that was later construed as a motion for reconsideration. In that motion, Nestor argued that the District Court should not deprive him of the smartphone because he needs it to comply with the terms of supervised release requiring contact with his probation officer. In addition, Nestor, surmising that the "miscellaneous computer accessories" he referenced in his Rule 41(g) motion were lost, sought an evidentiary hearing to establish chain of custody.

The District Court entered an order directing the Government to address the merits of Nestor's arguments related to the smartphone and the miscellaneous accessories. The Government responded that "[t]he only items seized by U.S. Probation related to a computer were (i) a laptop . . . and (ii) a laptop charging cord." Second Supplemental Appendix (S.S.A.) 61. The Government cited chain-of-custody evidence, including a property receipt purporting to show the only (five) items seized from Nestor's apartment:

F42VP5586 (Rev 07-16)

**United States Probation Office**
Western District of Pennsylvania
Property Receipt

(19) Big BM

Client #: _____   Name: Brian Nestor

Seizure #: _____   Date & Time: Click or tap to e... 11/15/21

Search Type: ☒ Conditional ☒ Consent ☐ Plain ☐ Warrant

Seizure Location: ▉ Cypress St Pittsburgh, PA

Officer: Lanafer   OIC: Lanafer

| Item # | Item Type | Description(Make, Model, S/N) | Discovery Officer | Discovery Location | Consent to Destroy (Initials) |
|---|---|---|---|---|---|
| 1 | Cell | ZTE 3Z0167273118 | ADNR | | |
| 2 | Cell | LG Stylo 909CQCV0566289 | | Charge pallone out to | |
| 3 | Laptop | DECL Laptop Express code 336830?4486 | | | |
| 4 | Charging card | Laptop charging card | | | |
| 5 | Charging cord | (1) Phone charging cord BN | | | |

I acknowledge the above noted property was given to/seized by the U.S. Probation & Pretrial Services Office. I understand the above noted

S.S.A. 63.

Nestor filed a pro se reply, in which he proposed that certain files possessing sentimental value that were stored on his smartphone be copied to a compact disc (at his cost). That position was echoed in a filing by Nestor's new CJA counsel, Michael E. Moser, Esq.[5]

The District Court then entered an order directing the Government to address whether certain media files could be parsed from the smartphone's memory and returned to Nestor in a separate storage format (e.g., on a thumb drive) without undue burden.

---

[5] Moser also represented Nestor in parallel compassionate-release proceedings. After the District Court denied Nestor's motion for reconsideration of the Rule 41(g) ruling, it granted Nestor's motion to substitute in different counsel (Adrian N. Roe, Esq.). To the extent that Nestor complains on appeal about the quality of Moser's representation, this is not the appropriate setting in which to seek redress.

Relying primarily on a declaration from the FBI Special Agent who conducted the original forensic examination of Nestor's smartphone (the FBI Declaration), the Government responded that such 'parsing' would require "time-consuming" and logistically complicated manual review, and assuredly would subject non-law enforcement personnel to large amounts of "sexually explicit imagery and contraband, contrary to FBI practices and the protections afforded victims of crime, particularly minors." S.S.A. 95, 97.

The District Court ultimately entered an order denying reconsideration[6]; Nestor filed an amended pro se notice of appeal; and the parties completed a round of supplemental briefing. The appeal is now ripe for disposition.

II.

We have jurisdiction under 28 U.S.C. § 1291. See United States v. Chambers, 192 F.3d 374, 376 (3d Cir. 1999). A district court's decision to adjudicate a Rule 41(g) motion without conducting an evidentiary hearing is reviewed for abuse of discretion. See United States v. Albinson, 356 F.3d 278, 281 & n.5 (3d Cir. 2004); see also Peloro v. United States, 488 F.3d 163, 173 (3d Cir. 2007) ("A district court's exercise of its equitable jurisdiction in a motion for return of property under Rule 41(g) is reviewed for abuse of discretion[.]"). The same goes for a district court's decision to deny reconsideration. See Santini v. Fuentes, 795 F.3d 410, 416 (3d Cir. 2015). In either case,

---

[6] That order also directed the Government to "take all reasonable steps" to preserve the smartphone and its contents during the pendency of Nestor's appeal. S.S.A. 16.

attendant questions of law are reviewed de novo. Cf. United States v. Bennett, 423 F.3d 271, 274 (3d Cir. 2005); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

Rule 41(g) "allows persons deprived of property by the government to petition the courts to get it back." United States v. Nocito, 64 F.4th 76, 78 (3d Cir. 2023). That petitioning right includes attempts to repossess "storage media or electronically stored information, under reasonable circumstances." Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment.

"A district court has jurisdiction to entertain a motion for return of property even after the termination of criminal proceedings against the defendant and such an action is treated as a civil proceeding for equitable relief." United States v. Bein, 214 F.3d 408, 411 (3d Cir. 2000). Where, as here, the defendant's judgment of conviction has become final, the Government has a general obligation to return the defendant's property. See Chambers, 192 F.3d at 377 ("The burden shifts to the government when the criminal proceedings have terminated. At that point, the person from whom the property was seized is presumed to have a right to its return, and the government must demonstrate that it has a legitimate reason to retain the property."); see also Frein v. Pa. State Police, 47 F.4th 247, 253 (3d Cir. 2022).

That said, a defendant may not reclaim property that is contraband or subject to forfeiture. See Bein, 214 F.3d at 411. The Government, moreover, can cite those

9

exceptions to the rule-of-return to defeat a Rule 41(g) motion, even in the absence of formal judicial forfeiture proceedings. See United States v. Wright, 49 F.4th 1221, 1227 (9th Cir. 2022); United States v. Clymore, 245 F.3d 1195, 1200 (10th Cir. 2001) (per curiam); cf. Mantilla v. United States, 302 F.3d 182, 187 (3d Cir. 2002).

IV.

Based on the record, the property Nestro seeks returned falls into the following five categories: (1) property that has been identified and is indisputably subject to forfeiture (i.e., "the smartphone"); (2) property that has been identified and is stored on property that is indisputably subject to forfeiture (i.e., "the non-contraband media files"); (3) property that was not ordered forfeited, and the returned-status of which is partly in dispute (i.e., "the laptop and its charging cord"); (4) other property that has been identified and was ordered to be forfeited and destroyed (i.e., "the smartphone's case and charger"); and (5) property that, assuming it even exists, has not been sufficiently described in the litigation (i.e., the "miscellaneous computer accessories needed for the functioning of" Nestor's laptop). We address each property category below and, in doing so, explain why the the District Court order denying Nestor's motion was correct.

Categories (1) and (2):
*The smartphone and the non-contraband media files*

The District Court ordered the forfeiture and destruction of Nestor's smartphone and refused to reconsider its ruling. The relevant criminal forfeiture statute reads, in pertinent part, as follows: "A person who is convicted of an offense . . . involving a visual

10

depiction [of child pornography] . . . shall forfeit to the United States such person's interest in . . . any property, real or personal, used . . . to commit . . . such [child pornography] offense." 18 U.S.C. § 2253(a)(3). Nestor rightly concedes that his smartphone—"property, real or personal"—contained contraband of the kind described in § 2253(a), and was thus subject to forfeiture.

At the same time, Nestor argues on appeal that the District Court should have considered and accepted an alternative to destroying the smartphone, stored data and all. In particular, he repeats the suggestion he made to the District Court that media files containing images or recordings of deceased loved ones could be segregated from the files containing sexually explicit images of children, and the former copied onto a compact disc and returned to Nestor in that form.

However, Nestor's focus on the purported soundness of his alternative resolution overlooks the real obstacle he would have to overcome to get relief on appeal: Persuading us that the District Court abused its discretion. Cf. Hagan v. Rogers, 570 F.3d 146, 152 (3d Cir. 2009) ("A district court abuses its discretion when 'its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'") (citation omitted).

Nestor has failed to so persuade. The District Court's denial of the Rule 41(g) motion with the respect to the smartphone and its stored data was entirely consistent with § 2253(a), and that Nestor provided no viable ground for reconsideration. See United States v. Sanders, 107 F.4th 223, 231-32 (4th Cir. 2024) (explaining that "[c]omputer

11

files representing 'images' are simply data contained as electronic pulses stored on magnetic fields in hard drives and other computer memory, which . . . are incorporated by magnetism into the physical mechanisms of the devices, such that they are one"; and thus holding that "property" under § 2253(a)(3) "can only mean *the entire device used to commit the offense, including the image files stored on it*") (emphasis added) (citing, inter alia, Noyes, supra); cf. United States v. Hull, 606 F.3d 524, 528–29 (8th Cir. 2010) (upholding a forfeiture order of real property upon a conviction of two child pornography offenses, and noting that "[o]nce it is established that the 'property' subject to forfeiture consists of the entire acreage, nothing in the statute allows the court to order forfeiture of less than this 'property'").[7]

Nestor's other arguments also fail. Nestor reasserts the suggestion that the smartphone be returned after undergoing a factory reset, which would ostensibly erase all stored data (including the contraband). He adds that returning the smartphone would be helpful to his probation officer, who will need to "track[] [Nestor's] every movement

---

[7] Even if family-photo files (for example) stored on the smartphone constituted property independent of the housing device and were not subject to forfeiture as a statutory matter, "showing the property is contraband or forfeit is not the only way the [G]overnment can justify retaining the property; the [G]overnment can otherwise retain property if it can show a 'legitimate reason' for doing so." United States v. Gladding, 775 F.3d 1149, 1152 (9th Cir. 2014). Such would be the case here. The Government—supported by the FBI Declaration—articulated legitimate reasons to reject Nestor's file-segregation plea. See id. at 1154 ("The difficulty and cost of segregating the data can therefore be a 'legitimate reason' for the government to retain Gladding's property."); cf. Fed. R. Crim. P. 41, Advisory Committee's Note to 2009 Amendment ("A substantial amount of time can be involved in the forensic imaging and review of information. This is due to the sheer size of the storage capacity of media . . . and the workload of the computer labs.").

through GPS and . . . be able to reach [him] 24/7." Br. 8. Nestor also refers to a perceived environmental benefit in forgoing destruction and allowing reuse of the smartphone.

Whatever their practicality or efficacy, Nestor's ideas for handling the smartphone differently than District Court ordered do not change the fact that the smartphone contained contraband and was, by statutory command, subject to forfeiture.[8] Therefore, the District Court correctly followed f § 2253(a) and properly denied Nestor's Rule 41(g) and reconsideration motions to the extent they concerned the smartphone and the data stored thereon.

## Category (3):
### *The laptop and its charging cord*

The District Court determined that Nestor's Rule 41(g) motion, to the extent that it sought return of his laptop and charging cord, was moot because the Government represented that those items were given to Attorney Ovens while he represented Nestor.

---

[8] The Clerk's order soliciting supplemental briefs directed the parties to address the "amended notice of appeal and the District Court's July 26, 2024, order" denying reconsideration. Doc. 25 at 1. Nestor, however, has improperly used his supplemental brief in part to advance issues related to the District Court's earlier order denying the Rule 41(g) motion, but that were not raised in Nestor's opening brief. We have nevertheless considered those improperly raised issues—none of which were presented to the District Court at the appropriate time—insofar as they concern the non-contraband files and have concluded that the issues are all lacking in merit. Notably, even if we more or less agree with Nestor that the 1989 amendments to Rule 41 injected into the rule a spirit of "compromise" with respect to the issue of *remedy*, Ramsden v. United States, 2 F.3d 322, 327 (9th Cir. 1993), we fail to see the relevance of that fact to the smartphone and its stored data in light of our holding today that forfeiture of such property in its entirety was required under § 2253(a)(3).

13

On appeal, Nestor acknowledges that the laptop was relinquished by the Government, but appears to question whether the same can be said of the charging cord. He demands an evidentiary hearing to clear up what he views as an unresolved issue of fact.

At no time did Nestor raise in the District Court his suspicion that the laptop charging cord had not been returned as represented. Thus, we review his argument for plain error. "To prevail under the plain-error framework, an appellant must satisfy the four-prong test set forth in United States v. Olano, 507 U.S. 725, 732 (1993)," which "requires an appellant to show (1) a legal error (2) that is plain and (3) that has affected his substantial rights," and then (4) persuade a district court that the error "seriously affects the fairness, integrity, or reputation of judicial proceedings." United States v. Dorsey, 105 F.4th 526, 528 (3d Cir. 2024).

Nestor's query about the charging cord is answered by the property receipt that the Government first submitted to the District Court in opposing reconsideration. The property receipt was signed by Attorney Ovens and reflects that a "Dell laptop with charging cord" was released to him, by the FBI, on September 7, 2023. S.S.A. 74. Nestor does not suggest that there is evidence in the record placing the charging cord anywhere other than in the possession of Attorney Ovens, and we have discerned no such evidence upon review.

In light of the foregoing, we reach two conclusions. First, the District Court did not err, plainly or otherwise, in refusing to reconsider its mootness ruling. Cf. United States v. Rodriguez-Aguirre, 414 F.3d 1177, 1184 (10th Cir. 2005) (affirming district

court's denial of a Rule 41(e)[9] motion where "[t]he government . . . presented sufficient evidence that . . . one item . . . was returned to [its owner]. Although [the owner] testified he never received the twelve leather jackets, the government presented a receipt signed by [the owner] evidencing their return"). Second—and even assuming that the District Court plainly erred in denying the Rule 41(g) motion prematurely[10]—the error did not "affect[ Nestor's] substantial rights," Dorsey, 105 F.4th at 528. That is to say, any error was harmless. See Olano, 507 U.S. at 734. Nestor thus fails the plain-error test with respect to issues surrounding the laptop and charging cord.[11]

Category (4):
*The smartphone's case and charger*

In opposing Nestor's Rule 41(g) motion, the Government did not argue that the smartphone's OtterBox brand case, or the smartphone's charger—what appears from the

---

[9] "As a result of the 2002 amendments [to the Federal Rules of Criminal Procedure], the previous Fed. R. Crim. P. 41(e) now appears with minor stylistic changes as Rule 41(g)." Albinson, 356 F.3d at 279 n.1.

[10] The Government cannot carry its Rule 41(g) burden with lawyers' arguments alone. See Chambers, 192 F.3d at 377-78 (explaining that in order to refute the movant's request for return of property, "[t]he government must do more than state, without documentary support, that it no longer possesses the property at issue"); see also Mora v. United States, 955 F.2d 156, 158-59 (2d Cir. 1992) (concluding that a Rule 41(e) motion was not moot where "[t]he government failed to offer any evidence concerning the disposition of [movant's] property. No receipts, log entries or other documentation – not even an affidavit – were presented to support the assertion that it no longer had possession of appellant's property").

[11] Should Nestor have trouble recovering his laptop and charging cord (and broken ZTE phone) from Attorney Ovens, that would be a matter separate from this appeal.

record to be a combination USB-C cord and charging block with USB port—qualified as derivative contraband or were otherwise subject to forfeiture. The District Court nevertheless ordered that those items be forfeited and destroyed.

We do not consider the merits of that ruling. Nestor makes no mention of the smartphone's case in his opening brief (or his supplemental brief, for that matter). He has thus forfeited all issues related to that particular property. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016). There are, moreover, no "exceptional circumstances" that would warrant merits review despite the forfeiture. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 147 (3d Cir. 2017).

As for the smartphone's charger, Nestor references it in his briefing only to assert that the Government misrepresented to the District Court that it had returned that piece of property. The record, however, belies Nestor's assertion; the Government made no such representation in the District Court.  Nestor has forfeited all other arguments stemming from the District Court's ruling that the smartphone's charger be forfeited and destroyed are, like those pertaining to the smartphone's case, see Wettach, 811 F.3d at 115, and will not be reviewed on the merits given the absence of "exceptional circumstances," Barna, 877 F.3d at 147.

Category (5):
*The miscellaneous computer accessories*
*needed for the functioning of Nestor's laptop*

In seeking reconsideration of the order denying his Rule 41(g) motion, Nestor argued that the District Court should have held an evidentiary hearing to determine the

whereabouts of "miscellaneous" laptop "accessories"—alleged property that Nestor has, to date, never identified with any particularity.[12] As we explained in Albinson, "a district court need not necessarily conduct an evidentiary hearing on every Rule 41(g) motion." 356 F.3d at 281. We observed in that case that the text of Rule 41(g) directs a district court to "receive evidence" only when there are "issues of fact necessary to dispose of the motion." Id. (quoting Fed. R. Crim. P. 41(g)). Nestor latches on to certain language in Albinson to argue that the District Court was required to hold an evidentiary hearing in this case. That argument is lacking in merit.

When the District Court issued its memorandum order supporting the denial of Nestor's reconsideration motion, it explained:

> Here, the documentary evidence in the papers of record renders a Rule 41(g) hearing unnecessary. * * * [Probation] Officer Capaccio says that only five items were seized from Nestor: two cell phones, [a laptop,] a laptop charging cord, and a phone charging cord. Capaccio supports this assertion with a property receipt from the seizure in question. A declaration from FBI paralegal specialist Amy Boyd confirms that these were the only items turned over to the FBI and that the computer, the computer charging cable, and one of the cell phones were returned to Nestor's then-counsel. (ECF No. 296-2). Based on this detailed record of officials involved in the confiscation and review of the property seized from Nestor, there is little indication that the

---

[12] The Court is unable to discern what "accessories" Nestor "need[s]" for his laptop to 'function,' other than the returned charging cord (which is not at issue in this property category). The infrequently referenced "mouse" does not obviously fit the bill. At bottom, there is nothing in the record impugning the Government's position that all of the evidence seized from Nestor is documented in its reconsideration-related filings— including a property receipt *signed by Nestor himself*—and that it cannot return to Nestor property that it never had in the first place. Cf. United States v. White, 718 F.2d 260, 261 (8th Cir. 1983) ("[S]ince the government does not possess White's property, it cannot return his property, and the [Rule 41(e)] motion was properly denied.").

Government seized the computer accessories that Nestor refers to. Consequently, an evidentiary hearing is unnecessary.

Further, it strikes the Court that Nestor's inability—in all of his filings—to articulate precisely what computer accessories he is referring to counsels against holding an evidentiary hearing, as the papers do not make plain what property said hearing would even be about, much less whether the property was in the possession of the Government.

S.S.A. 11-12.[13]

In short, the District Court concluded that Nestor never supplied clear information suggesting that there was a genuine factual dispute to be resolved. We agree with that conclusion and determine, as a result, that the District Court did not abuse its discretion in denying Nestor's motion for reconsideration as to the "miscellaneous computer accessories."

## V.

Nestor has failed to show that the District Court abused its discretion in denying his Rule 41(g) motion or his motion for reconsideration. Accordingly, the judgment of the District Court will be affirmed. The Government's motion to seal Volume II of the Second Supplemental Appendix is granted.

---

[13] "The scope of a motion for reconsideration . . . is extremely limited. Such motions are not to be used as an opportunity to relitigate the case; rather, they may be used only to correct manifest errors of law or fact or to present newly discovered evidence." Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011) (citation omitted). The District Court assumed without deciding that Nestor's bald complaint about "lost" property constituted new evidence. That assumption was generous.

18